# 2003 DTA 106

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VII DE CAROLINA Y FAJARDO

COMPAÑIA DE PARQUES NACIONALES
Demandante-Apelada

v.

CARLOS A. LOPATEGUI, EDITH PAOLI BRUNO Y LA SOCIEDAD LEGAL DE GANANCIALES
COMPUESTA POR AMBOS; SEVEN SEAS HOTEL & RESORT, ETC.
Demandados-Apelantes

Núm. KLAN-03-00385

San Juan, Puerto Rico, a 18 de junio de 2003

Panel integrado por su Presidente, el Juez Miranda De Hostos,
la Juez Hernández Torres y el Juez Martínez Torres

Martínez Torres, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Mediante recurso de apelación comparecen ante nos Carlos A. Lopategui, Edith Paoli Bruno, la sociedad legal de bienes gananciales por ellos compuesta y el Seven Seas Hotel & Resort S.E. (los demandados-apelantes). Solicitan que revoquemos una sentencia sumaria parcial dictada el 14 de febrero de 2003, por el Tribunal de Primera Instancia, Sala de Fajardo (Hon. Ismael R. Colón Pérez, Juez). En la referida sentencia, el tribunal declaró con lugar una moción de sentencia sumaria parcial presentada por la demandante-apelada Compañía de Parques Nacionales [sic] (*"Compañía de Parques"*), y resolvió que los aquí demandados-apelantes, Lopategui y otros, están en violación de ley al ocupar y realizar tala de árboles, movimiento de tierras y roca en la Finca Seven Seas sita en Fajardo, P.R. Como existe controversia de hechos materiales, revocamos la sentencia sumaria parcial apelada.

### I

El 21 de julio de 2001, la Compañía de Parques presentó una demanda sobre entredicho provisional; *injunction* preliminar y permanente; daños y perjuicios; desahucio en precario y violación a la reserva natural de la Finca Seven Seas. Figuran como demandados Carlos A. Lopategui, Fulana de Tal, la sociedad legal de bienes gananciales por ellos compuesta, el Seven Seas Hotel & Resort S.E., Fulano de Tal y las Compañías Aseguradoras A,B,C.

Se alegó en la demanda que la Compañía de Parques es la titular de un terreno ubicado en el Balneario y Finca Seven Seas en Fajardo. De acuerdo a la segunda alegación de la demanda, dicha finca está protegida como recurso natural por el Artículo VI, Sección 19 de la Constitución de Puerto Rico y por la Ley Núm. 228 de 12 de agosto de 1999. En la contestación a la demanda, se alegó, por su parte, que *"sólo 110 cuerdas de la finca Seven Seas fueron clasificadas como reserva natural..."*. Contestación a la Demanda, pág. 1; Ap. Rev., pág. 24.

También se alegó en la demanda que el codemandado-apelante, Lopategui, es propietario de un terreno adyacente al de la demandante-apelada, Compañía de Parques, y que a Lopategui le interesaba obtener un paso peatonal para accesar la playa Seven Seas desde sus terrenos. A esos efectos, y de acuerdo a las alegaciones de la demanda, la Compañía de Fomento Recreativo (ahora Compañía de Parques) emitió el 26 de noviembre de 1997 la Resolución Núm. 97-08, para autorizar al Director Ejecutivo de la Compañía a negociar un contrato de arrendamiento sobre una franja de terrenos ubicada en la Finca y Balneario Seven Seas. Según la contestación a la demanda, el referido acceso peatonal *"fue aprobado como parte de un desarrollo hotelero para el área"*. Contestación a Demanda, pág. 1; Ap. Apel., pág. 24.

Conforme se desprende de la alegación número 8 de la demanda, el Departamento de Recursos Naturales y Ambientales (D.R.N.A) expidió el 11 de octubre de 2000 un permiso simple para remoción de corteza terrestre única y exclusivamente en la finca propiedad de Lopategui.

De acuerdo a la demanda y su contestación, es un hecho incontrovertido que el 18 de diciembre de 2000, el Director Ejecutivo de la antigua Compañía de Fomento Recreativo le envió una carta a la Junta de Planificación solicitando la aprobación para arrendar cuarenta y seis (46) cuerdas de terreno en la Finca Seven Seas. El 28 de diciembre de 2000, la Junta de Planificación autorizó la transacción de arrendamiento según solicitado, condicionada al cumplimiento de todos los requisitos de ley aplicables (Consulta Núm. 2000-27-1218-JGT). La autorización se notificó y se firmó el 24 de enero de 2001.

Según lo alegado en la demanda y admitido en la contestación, la Junta de Directores de la antigua Compañía de Fomento Recreativo emitió el 27 diciembre de 2000, una autorización para que su Director Ejecutivo procediera con el arrendamiento de cuarenta y seis (46) cuerdas de la Finca Seven Seas al Seven Seas Hotel & Resort S.E.

También es un hecho incontrovertido que el 30 de enero de 2001 (luego del cambio de administración), el codemandado-apelante, Lopategui, le envió una carta al Director Ejecutivo de la Compañía de Fomento Recreativo, en la que solicitaba una reunión para dialogar sobre el otorgamiento de los documentos legales correspondientes, conforme a lo aprobado por la Junta de Directores de dicha compañía y la Junta de Planificación.

De acuerdo a la demanda, las partes nunca suscribieron un contrato de arrendamiento sobre la Finca Seven Seas; sin embargo, en la contestación a la demanda se alega que las partes ya habían convenido los términos esenciales de dicho contrato.

En la alegación número 14 de la demanda, se expone que el Director Ejecutivo de la ahora Compañía de Parques le envió una carta al codemandado-apelante, Lopategui, informándole que el arrendamiento de las cuarenta y seis (46) cuerdas no procedía, ya que "la Compañía tiene el deber incuestionable de proteger sus recursos de forma que éstos se destinen a usos públicos exclusivamente y que tampoco existe acuerdo contractual entre las partes". Demanda, pág. 3; Ap. Apel. 3. De acuerdo a esta alegación, también se le advirtió al codemandado-apelante, Lopategui, que "debía dejar de ejercer cualquier uso o acto de posesión sobre la porción ocupada de la finca". Id. En la contestación a la demanda se negó el contenido de la referida carta.

También se alegó que el codemandado-apelante, Lopategui, no tiene autorización para ejercer ningún acto de posesión sobre la finca y que a pesar de haber sido advertido sobre ello, "éste y/o Seven Seas Hotel & Resort no han desalojado la finca y han venido efectuando actos de posesión sobre dicha finca... [los cuales] han consistido- pero no se limitan a la tala de árboles, movimiento de tierra y rocas y conexión sanitaria". Id., pág. 4; Ap. Apel., pág. 4. En la contestación a la demanda se negó esta alegación.

Por otro lado, se alegó que las "actuaciones ilegales" de los codemandados-apelantes van en detrimento de los recursos naturales de la finca en cuestión, por lo que el tribunal tiene jurisdicción para conceder un injunction permanente en el que le ordene a los codemandados-apelantes a "cesar y desistir de dañar, talar o cortar los árboles en la finca Seven Seas propiedad de la Compañía y que dicha finca sea restaurada a su estado original". Ibid., págs. 4-5; Ap. Apel., págs. 4-5. También se solicitó el desahucio de la finca, y daños y perjuicios por razón de los daños alegadamente causados.

Estas últimas alegaciones también se negaron en la contestación a la demanda presentada el 28 de noviembre de 2001. Por otro lado, los demandados-apelantes levantaron una serie de defensas afirmativas y presentaron una reconvención en la que se alega discrimen político por parte de la Compañía de Parques y algunos de sus funcionarios.

Posteriormente, la demandante-apelada, Compañía de Parques, presentó una moción solicitando una exposición más definida de las alegaciones presentadas en la reconvención, con el propósito de poner a dicha agencia en condición de contestar la misma. El Tribunal de Primera Instancia declaró con lugar la solicitud.

En febrero de 2002, la codemandada Edith Paoli Bruno contestó la demanda y expresó que en la misma se le había nombrado con el nombre ficticio de Fulana de Tal. En su contestación a demanda, la codemandada-apelante, Paoli Bruno, adoptó por referencia la contestación a demanda presentada en 28 de noviembre de 2001, por los codemandados-apelantes Lopategui y Seven Seas Hotel & Resort, S.E. Sin embargo, no se unió a la reconvención antes señalada.

En febrero de 2002, la demandante-apelada, Compañía de Parques, le solicitó al tribunal autorización para enmendar la demanda, para incluir a la codemandada Paoli Bruno como la esposa del codemandado Lopategui.

De acuerdo a la demanda enmendada, el 6 de agosto de 2001 se llevó a cabo una vista ante el tribunal en la

que *"la parte demandada se comprometió a desalojar la propiedad en controversia y a no realizar ningún tipo de trabajo en la misma, hasta que se dilucidara el presente caso"*. Demanda Enmendada, pág. 1; Ap. Apel., pág. 38. Por esa razón, la demandante-apelada, Compañía de Parques, expresó que en la demanda enmendada no estaba solicitando el desahucio, ni entredicho provisional o *injunction* preliminar, sino solamente un *injunction* permanente y una acción en daños. *Id.*

El 8 de julio de 2002, la demandante-apelada, Compañía de Parques, presentó una moción solicitando sentencia sumaria parcial. En síntesis, alegó que no existe controversia de hechos en cuanto a las alegaciones de la demanda y que *"cualquier acto de posesión sin la debida autorización sobre la finca Seven Seas es contrario a la política pública de conservación de nuestros recursos naturales, establecida tanto en la Constitución del Estado Libre Asociado de Puerto Rico como en las mencionadas leyes"*. Moción de Sentencia Sumaria parcial, pág. 8; Ap. Apel., pág. 54.

También se expuso en la referida moción que los demandados-apelantes, Lopategui y otros, entraron de forma ilegal en posesión de la Finca Seven Seas sin contar con un contrato que los autorizara a ello, talaron árboles, hicieron movimiento de tierra y rocas, y conexión sanitaria. A raíz de lo anterior, se le solicitó al tribunal que dictara sentencia sumaria parcial, concediera el *injunction* permanente y le ordenara a los demandados-apelantes, Lopategui y otros, que se abstuvieran de entrar y realizar actos de posesión sobre la finca Seven Seas y les ordenara la restauración de dicho terreno a su estado original.

El 2 de diciembre de 2002, los demandados-apelantes, Lopategui y otros, presentaron su moción en oposición a solicitud de sentencia sumaria parcial. Expusieron que en el año 1994, el codemandado-apelante, Lopategui, adquirió dos predios de terreno en el Barrio Las Croabas en Fajardo, con el fin de destinarlos al desarrollo de un proyecto hotelero. Argumentaron además que entre 1995 y 1996 se promovió ante la Junta de Planificación la correspondiente consulta de ubicación, y que para obtener acceso directo a la playa se le solicitó a la antigua Compañía de Fomento Recreativo una servidumbre de paso a través de los terrenos descritos en la demanda. Dijeron también que esa solicitud fue aprobada por la Junta de Directores de esa compañía el 26 de noviembre de 1997.

Por otro lado, expusieron en su moción en oposición que con motivo de las gestiones correspondientes a la preparación de la escritura de arrendamiento, se descubrió que entre la finca de la compañía y la de Lopategui había un tercer terreno perteneciente a una sucesión. Se expuso que el codemandado-apelante, Lopategui, compró ese terreno y solicitó una enmienda a la consulta de ubicación porque los terrenos de su propiedad alegadamente aumentaron a 24.602 cuerdas.

Así las cosas, los demandados-apelantes, Lopategui y otros, argumentan en su moción en oposición que el 3 de septiembre de 1998, el entonces Director Ejecutivo de la Compañía de Fomento Recreativo, Miguel Caro Vargas, le autorizó a *"realizar trabajos de limpieza en el área de servidumbre de paso, así como en la periferia del área aledaña a su finca"*. Moción en Oposición, pág. 2; Ap. Apel., pág. 129. Se anejó la referida carta como el *"Anejo A"* de la moción en oposición a sentencia sumaria. Ap. Apel., pág. 136. █

A raíz de dicha comunicación, los demandados-apelantes, Lopategui y otros, argumentan que *"contrario a lo expuesto por la parte demandante en todos sus escritos, los demandados contaban con la correspondiente autorización por parte de ést[a] para llevar a cabo los trabajos de que ahora se quejan"*. Moción en Oposición a Sentencia Sumaria Parcial, pág. 3; Ap. Apel., pág. 130.

Además de lo anteriormente expuesto, los demandados-apelados, Lopategui y otros, anejaron a su moción en oposición una carta que alegadamente le enviaron el 31 de enero de 2002 a la representación legal de la demandante-apelada, Compañía de Parques. Anejo B, Ap. Apel., págs. 137-144. Argumentan los demandados-apelados, Lopategui y otros, que a raíz de dicha comunicación las partes se reunieron y llegaron a una serie de

acuerdos para transigir sus diferencias. Se alegó en la moción que las partes acordaron que los demandantes-apelantes, Lopategui y otros, construirían unos cobertizos y torres de observación, entre otros acuerdos. Moción en Oposición, pág. 3; Ap. Apel., pág. 130.

Por último, los demandados-apelados, Lopategui y otros, expusieron que existen *"sendas controversias de hechos acerca de si los demandados fueron debidamente autorizados a llevar a cabo las obras que se alegan en la demanda; acerca de si entre las partes mediaron pactos con los cuales se dispuso de las controversias del caso, y si las actuaciones contra los demandados obedecen a un esquema de discrimen político"*. *Id.*, pág. 7; Ap. Apel., pág. 133.

El 17 de diciembre de 2002, las partes sometieron ante el Tribunal de Primera Instancia su informe de conferencia preliminar entre abogados. Posteriormente, la demandante-apelada, Compañía de Parques, presentó su réplica a oposición a sentencia sumaria, y luego, la otra parte presentó su dúplica a réplica.

El 14 de febrero de 2003, el Tribunal de Primera Instancia dictó sentencia sumaria parcial, donde adoptó como sus determinaciones de hechos esencialmente las mismas alegaciones de la demanda presentada por la Compañía de Parques. Por otro lado, el tribunal resolvió que no existe ninguna controversia de hechos o de derecho que le impidiera dictar sentencia sumaria parcial contra los aquí demandados-apelantes, Lopategui y otros.

Específicamente, el tribunal resolvió que los demandados-apelantes, Lopategui y otros, [r]ealizaron movimiento de tierras y rocas sin autorización de la Compañía de Parques Nacionales [sic] y en violación a la Ley de Reserva Natural, quedó establecido que éstos no tenían los permisos necesario [sic] del Departamento de Recursos Naturales para realizar tala de árboles y movimiento de tierras y roca. Si bien es cierto que el Departamento de Recursos Naturales otorgó al codemandado Carlos A. Lopategui un permiso para realizar tala de árboles, lo cierto es que dicho permiso es para una finca propiedad de Carlos A. Lopategui, localizada en el Barrio Las Croabas, con acceso por la carretera PR 987, km. 4.0 del Municipio de Fajardo. Ninguno de los permisos presentados por los demandados es para la finca Seven Seas, propiedad de la Compañía de Parques Nacionales [sic]. Por tanto, los demandados no tenían autorización para realizar tala de árboles, movimiento de tierras y roca en la finca Seven Seas.

Sentencia Sumaria Parcial, pág. 7; Ap. Apel., pág. 188.

Además, el tribunal resolvió que las partes nunca suscribieron un contrato, por lo que cualquier acuerdo al que pudieron llegar las partes está en contra de la ley y jurisprudencia aplicable a la otorgación de contratos con instrumentalidades gubernamentales, aparte de ser *ultravires* y nulo. De otro lado, el tribunal determinó que las partes no habían llegado a ningún acuerdo transaccional, ni firmado estipulación alguna, por lo que *"es un hecho que al presente los demandados se encuentran en violación de ley"*. *Id.*, pág. 9; Ap. Apel., pág. 190.

Así las cosas, el foro de primera instancia terminó diciendo lo siguiente:

*"En cuanto a la alegación de los demandados de que existe controversia sobre si las actuaciones de los demandantes obedecen a discrimen político, dicha controversia en nada afecta el hecho incontrovertido de que los demandados violaron la Ley de Reserva Natural, entre otras. La parte demandada no ha controvertido el hecho de que estos [sic] violaron las leyes y Constitución del Estado Libre Asociado de Puerto Rico al ocupar ilegalmente y realizar tala de árboles, movimiento de tierras y roca en la finca Seven Seas. Por tanto, se dictará sentencia sumaria parcial contra la parte demandada."*

*Ibid.*, pág. 10; Ap. Apel., pág. 191.

En la sentencia sumaria parcial apelada, el tribunal también resolvió ordenarle a los demandados-apelantes, Lopategui y otros, a que se abstengan de entrar y realizar actos de posesión sobre la finca Seven Seas y le ordenó a restaurar la finca a su estado original. *Ibid*, pág. 11; Ap. Apel., pág. 10. La vista de determinación de los alegados daños y perjuicios sufridos por la Compañía de Parques se pospuso para una fecha posterior.

Inconforme con la sentencia sumaria parcial dictada, apelan ante nos los demandados Lopategui y otros. Alegan que erró el Tribunal de Primera Instancia al disponer sumariamente de una reclamación en donde existen múltiples controversias de hechos materiales. Contando con la comparecencia de ambas partes y luego de estudiado el expediente y el derecho aplicable, resolvemos.

## II

El propósito cardinal de la Regla 36 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36, es promover una solución justa, rápida, y económica de la litigación cuando no existe una controversia genuina de hechos. *Roig Com. Bank v. Rosario Cirino*, 126 D.P.R. 613 (1990). Sin embargo, el sabio discernimiento por parte del juez será el principio rector para su uso, ya que mal utilizada, la regla puede despojar a un litigante de su día en corte, principio medular del debido proceso de ley. *Vellón v. Squibb MFG. Inc.*, 117 D.P.R. 838 (1986).

Cuando el que solicita que se dicte sentencia sumaria cumplió con la obligación de demostrar que no hay controversia en cuanto a los hechos y que procede que se dicte sentencia sumaria como cuestión de derecho, la otra parte contra quien se solicita la sentencia no puede derrotar la moción cruzándose de brazos y descansar en lo expuesto en las alegaciones de la demanda. Para derrotar la moción, tendrá que demostrar que tiene prueba para sustentar sus alegaciones. *Audiovisual Lang. v. Sist. Est. Natal Hnos.*, 144 D.P.R. 563 (1997); Dr. José A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, **Publicaciones J.T.S.**, T. I, 2000, a la pág. 608.

A pesar de ello, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente no implica que proceda automáticamente la sentencia sumaria. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 D.P.R. 881 (1994); *Rivera et. al. v. Superior Pkg., Inc. et. al.*, 132 D.P.R. 115 (1994).

Como regla general, procede que se dicte sentencia sumaria a base de las declaraciones juradas y los documentos admisibles en evidencia sometidos por la parte promovente junto con su moción, los documentos sometidos por la parte promovida en su moción de oposición y aquéllos que obran en el expediente del tribunal. *Medina v. M.S. & D. Química P.R., Inc.*, 135 D.P.R. 716 (1994). En segundo lugar, el tribunal determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos presentados. *PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra*, a la pág. 913.

El tribunal no deberá dictar sentencia sumaria cuando: (1) existan hechos materiales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que se acompañan con la moción, una controversia real sobre algún hecho material, o (4) cuando no proceda como cuestión de derecho. *Id., supra*, a las págs. 913-914; *Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272, 280 (1990).

Como vemos, el mecanismo procesal de sentencia sumaria procede cuando la parte promovente le demuestra al tribunal que no existe necesidad de que se celebre una vista evidenciaria del caso en su fondo. *Mgmt. Ad. Serv. Corp. v. E.L.A.;* Opinión de 29 de noviembre de 2000, **2000 J.T.S. 189**; *Medina v. M.S. & D. Química P.R., Inc., supra*, a la pág. 726. Es decir, la sentencia sumaria sólo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes. *Benítez Esquilín v. Johnson & Johnson*, Opinión de 30 de septiembre de 2002, **2002 J.T.S. 137**; *PFZ Properties, Inc. v. Gen. Acc. Ins. Co., supra*, a las págs. 911-912; *Corp. Presiding Bishop C.J.C. of L.D.S. v. Purcell*, 117 D.P.R. 714, 720-721 (1986).

## III

Al examinar este caso a base de los documentos que obran en autos, es obligada la conclusión de que el tribunal erró al dictar sentencia sumaria. En primer lugar, existe controversia en cuanto a la extensión territorial de la finca Seven Seas y cuál es el área que está clasificada como reserva natural. La demandante-apelada, Compañía de Parques, alega que los demandados-apelados, Lopategui y otros, hicieron movimientos de tierra y roca en dicha finca, clasificada como reserva natural. De acuerdo a lo expuesto en la sentencia sumaria parcial, el área destinada a reserva natural es de 110 cuerdas según lo dispone la Ley Núm. 228, *supra*. No obstante, los demandados-apelados, Lopategui y otros, expusieron en la contestación a la demanda que dicha finca tiene una extensión mayor de terreno, por lo que se desconoce si los terrenos aquí en controversia caen o no dentro de la clasificación de reserva natural. De hecho, del apéndice del recurso se desprende que la finca tiene una extensión de 216 cuerdas de terreno. Véase Resolución de la Junta de Planificación, pág. 1; Ap. Apel., pág. 73.

Con esas discrepancias en cuanto a demarcaciones y extensión territorial es obvio que no se podía dictar sentencia sumaria y resolver categóricamente que los aquí demandados-apelantes están en violación a la Ley Núm. 288, *id.*

En segundo lugar, nos encontramos ante alegaciones encontradas en cuanto a los permisos necesarios para realizar los trabajos en cuestión en la Finca Seven Seas. De un lado, los demandados-apelantes, Lopategui y otros, argumentan que poseen los permisos correspondientes y presentan la documentación que según ellos corroboran ese hecho. De otro lado, la demandante-apelada, Compañía de Parques, argumenta, entre otras cosas, que ninguno de los permisos es válido por tratarse de terrenos destinados a reserva natural y porque las partes nunca llegaron a formalizar un contrato.

El tribunal tampoco cuenta con los elementos necesarios para adjudicar esta controversia. Existiendo la controversia sobre qué es y qué no es reserva natural, es prácticamente imposible determinar si la documentación con la que cuentan los demandados-apelados, Lopategui y otros, cumple o no con los requisitos y procedimientos exigidos por ley para llevar a cabo las obras que alegadamente se realizaron en los terrenos en cuestión.

De otro lado, el tribunal tendrá que recibir prueba y determinar cuáles fueron realmente las obras que se realizaron, en qué terrenos, y si los permisos con los que alegadamente se cuenta cumplen o no con los requisitos legales pertinentes. Otro aspecto que se tendrá que dilucidar es si los demandados-apelantes, Lopategui y otros, tenían derecho de posesión sobre los terrenos en controversia.

Así las cosas, procede que se devuelva el caso al Tribunal de Primera Instancia para la celebración de un juicio en su fondo donde se le brinde a las partes la oportunidad de presentar su prueba y donde se diriman las controversias de hecho y de derecho que aún persisten.

## IV

Por los fundamentos anteriormente expuestos, revocamos la sentencia sumaria parcial apelada y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con esta sentencia.

Así lo acordó y ordena el Tribunal, y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

ESCOLIO 2003 DTA 106

1. El texto de esa carta lee en parte lo siguiente:

[redacted]

"...

*"Estimado Dr. Lopategui:*

*Por este medio, le estamos autorizando a realizar trabajos de limpieza en el área de servidumbre de paso, así como en la periferia aledaña a su finca.*

*Esta autorización la fundamentamos en su comunicación del 27 de agosto de 1998 y la Resolución # 97-08 del 26 de noviembre de 1997, de la Junta de Directores de esta Compañía, que autorizó a rentarle un área de los terrenos en la finca de Seven Seas en Fajardo para usted utilizarlo como servidumbre de paso."*

Ap. Apel.; pág. 136; énfasis suplido.