HOTEL PALACE, INC., recurrente, *v.* JUNTA INSULAR DE SALA-
RIO MÍNIMO, recurrida.

Número 110.

*Sometido:* 3 de marzo de 1953. *Resuelto:* 22 de abril de 1953.

*Juan Enrique Géigel, Guillermo Silva* y *Hernán Pesquera,* abogados de la recurrente; *Joaquín Gallart Mendía* y *Domingo Candelario,* abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

En el caso de *Hilton Hotels, Inc.* v. *Junta,* resuelto en el día de hoy, ante pág. 670, hemos considerado y decidido casi todas las cuestiones planteadas en el caso de autos por la recurrente, Hotel Palace, Inc., la cual ha impugnado ante nos la validez del decreto núm. 22, que se refiere al negocio de hoteles y que ha sido aprobado por la Junta de Salario Mí-

738

nimo. Surgen, sin embargo, en este caso, algunas cuestiones nuevas que pasaremos a considerar.

 La entidad Hotel Palace, Inc., alega que ella obtendría menos de un beneficio razonable, y hasta sufriría pérdidas, como resultado de la aplicación del decreto núm. 22, y a tal efecto presentó prueba ante la Junta. Debemos observar que la Junta estableció un salario mínimo mayor para aquellos hoteles en donde se operasen casinos y salas de juegos de azar que para aquellos otros hoteles, entre ellos la recurrente, que no tuviesen tales facilidades. El salario mínimo fijado en cuanto a la recurrente es menor que el señalado para los hoteles Caribe Hilton y Condado, debido precisamente al criterio de la Junta de que la recurrente, al igual que otros hoteles sin casino, tendría un movimiento menor en cuanto a turistas y huéspedes. Ese factor especial de consideración más favorable a la recurrente fué aplicado por la Junta. El hecho en sí de que el hotel específico de la recurrente pudiese obtener menos de un beneficio razonable no invalida el decreto. Al fijarse salarios mínimos para una industria, debe tomarse en consideración la industria en general y no el estado económico de determinada empresa en particular. *American R. R. Co.* v. *Junta,* 68 D.P.R. 796, 803. Además, aunque la Junta tuvo ante sí prueba sometida por la recurrente en cuanto al alegado impacto económico perjudicial del decreto en cuanto al hotel en discusión, la Junta también tuvo ante sí prueba estadística en cuanto a varios hoteles en la Capital, sin casino, incluyendo al hotel de la recurrente, que tendía a probar que esos hoteles obtendrían un beneficio razonable bajo el decreto. Por lo tanto, el decreto se basó en prueba sustancial, en cuanto a tal aspecto. Aún asumiendo que la prueba de la recurrente hubiese establecido un conflicto en la prueba, no podemos intervenir para dejar sin efecto el criterio de la Junta en cuanto a la forma y manera de resolver tal conflicto.

■■ Alega la recurrente que la Junta erró al no establecer una zona separada para el "casco" de San Juan, donde está localizado el hotel de la recurrente, sin incluir a Santurce y Puerta de Tierra, con una escala de sueldos inferiores para tal zona separada, estando basada tal alegación en la prueba sometida ante la Junta sobre el supuesto descenso en el negocio de hoteles en la ciudad de San Juan, "después de la apertura de los hoteles de turismo ubicados en el barrio de Santurce." En el caso de *Hilton Hotels, Inc.* v. *Junta*, supra, hemos sostenido el poder de la Junta de establecer las clasificaciones expresadas en el decreto. Hemos sostenido clasificaciones de industrias o negocios que tengan una base racional en la prueba. La inclusión del Hotel Palace en la categoría de hoteles sin casinos localizados en la totalidad de la ciudad de San Juan tiene una base razonable en la prueba. De otro lado, tal como indicó y concluyó la propia Junta en el decreto, al discutir esta misma contención de la recurrente, no se ha presentado razón válida alguna por la cual el Hotel Palace deba ser colocado en la misma categoría de otros hoteles localizados en Río Piedras o en el resto de Puerto Rico, fuera de San Juan.

■ La recurrente impugna, además, la validez de las disposiciones contenidas en el decreto en cuanto a empleados que reciben propinas y aquéllos que no las reciben. Tal clasificación ya ha sido discutida por este tribunal en el caso de *Hilton Hotels, Inc.* v. *Junta*, supra. Pero alega la recurrente, en primer término, que la Junta no estableció esa misma clasificación en cuanto a los hoteles sin casinos o salas de juegos de azar, y que tal distinción en cuanto a las dos clases de hoteles es arbitraria e inconstitucional, y concede ventajas de competencia a una categoría de hoteles sobre otra, ya que también en los hoteles sin casinos los empleados reciben propinas y, por lo tanto, esos empleados en esos hoteles sin casinos deben recibir un salario menor que aquéllos que no reciban propinas. Es cierto que los empleados en los hoteles sin casinos también reciben propinas. Sin embargo,

la distinción adoptada por la Junta tuvo una base racional. (¹)
La Junta consideró que en hoteles con casinos el movimiento
general de huéspedes y turistas sería mayor. De ello se
puede inferir, razonablemente, que en los hoteles con casinos
la cuantía y el número de propinas sería mayor y que los
empleados en los hoteles sin casinos recibirían menos propi-
nas. De otro lado, y aún asumiendo, "argüendo", que los em-
pleados en los hoteles sin casinos reciban la misma cuantía
de propinas que en los otros hoteles, ello no afecta el hecho de
que la Junta llegó a la conclusión, basada en la prueba, de que,
aparte de las propinas, el salario mínimo fijado para los ho-
teles sin casinos no les privaba de un beneficio razonable, y
que no había ventajas de competencia entre ambas clases de
hoteles.

Expone la recurrente que la definición de los empleados
que caen en la categoría de empleados que reciben propinas
de los huéspedes regularmente no está sostenida por prueba
sustancial ya que, se alega que además de los mozos y otros
incluídos como beneficiarios de propinas, hay otras clases de
empleados que reciben propinas. Independientemente del he-
cho de que la recurrente no está en condiciones legalmente
aptas para plantear tal cuestión porque en cuanto a ella no
se estableció tal distinción entre empleados con o sin propinas,
hubo prueba ante la Junta en que se pudo razonablemente
basar tal definición.

▮ Se expone por la recurrente que erró la Junta al fijar
un salario mínimo de treinta y dos centavos para sus emplea-
dos ya que ellos "no necesitan un salario mínimo tan elevado
ya que reciben una cantidad sustancial semanal en propinas
suficiente para cubrir sus necesidades de vida." La ley de

---

(¹) La racionalidad de la base no implica criterio alguno de nuestra
parte en cuanto a si es ésa la mejor y más sabia base posible. Lo que
resolvemos es que no debemos sustituir nuestro posible criterio por el de
la Junta, si el de ésta tiene fundamento de razonabilidad. El hecho de
que el nuestro no sea el mejor de los mundos posibles no implica, de por
sí, que sea un mundo irracional.

Salario Mínimo autoriza a la Junta a fijar el salario mínimo más alto posible, que atienda a las necesidades de los trabajadores, en forma compatible con la estabilidad económica de la industria o negocio. Eso fué lo que hizo la Junta en este caso, al fijar un salario mínimo de treinta y dos centavos a tono con la situación económica del negocio de hoteles, independientemente de las propinas recibidas. De otro lado, la tesis de la recurrente equivale a una alegación al efecto de que el importe de las propinas debe deducirse del salario mínimo, en tal forma que el salario mínimo actualmente fijado conjuntamente con las propinas equivalgan al salario mínimo estatuído. En *Williams* v. *Jacksonville Terminal Co.*, 315 U.S. 386, se resuelve que las propinas pueden ser válidamente consideradas como parte del salario mínimo. Pero ello es compatible con la doctrina sentada posteriormente por la Corte Suprema de California en el caso de *Cal. Drive-In Restaurant Ass'n.* v. *Clark*, 22 Cal.2d 287, 147 A.L.R., 1028, al efecto de que es válida una orden administrativa de salarios en el negocio de hoteles y restaurantes al efecto de prohibir que se reduzcan las propinas del salario mínimo fijado y de prohibir al patrono el que retenga las propinas para sí. En la opinión se cita de Anderson, "Tips and Legal Minimum Wages", 31 *American Labor Legislation Review* 11, 13, al efecto de que "si las propinas recibidas se contasen como parte del salario mínimo, al empleado se le exigiría informar al patrono la cuantía de las propinas recibidas a los fines de computar el salario mínimo" y ello implicaría el despido de los empleados que reciban menos propinas, con todas sus consecuencias.

La recurrente plantea la invalidez del artículo 6 del decreto que se refiere a deducciones del salario mínimo por concepto de servicios tales como comidas y servicios. Tiene razón la recurrente, en vista de los fundamentos expuestos en el caso de *Condado Beach Hotel* v. *Junta*, resuelto en el día de hoy, ante pág. 724. Es nulo tal artículo, pero

742

ello no conlleva la nulidad del resto del decreto, por tratarse de materias separables. Debe mantenerse, en cuanto a la recurrente, el salario mínimo fijado de treinta y dos centavos, conjuntamente con las demás disposiciones del decreto, excepto el artículo seis, con las mismas prevenciones que expusimos en el caso de *Condado Beach Hotel* v. *Junta*.

*Por los fundamentos expuestos en esta opinión, debe anularse el artículo 6 del Decreto Mandatorio núm. 22, aprobado el 6 de agosto de 1952, y debe decretarse la validez de la totalidad de las demás disposiciones de dicho decreto.*