# 2007 DTA 105

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE SAN JUAN Y HUMACAO**
**PANEL V**

EDWIN QUIÑONES SEPULVEDA
Querellante-Recurrido

v.

ORIENTAL FOOD PLACE CORP., JAPÓN EN EL CARIBE, CORP.;
COMPAÑÍA DE SEGUROS X; JUAN DOE
Querellados-Peticionarios

Núm. KLCE-2007-01131

San Juan, Puerto Rico, a 17 de agosto de 2007

Panel integrado por su Presidente, el Juez Arbona Lago,
el Juez Salas Soler y la Juez Velázquez Cajigas

Arbona Lago, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### Antecedentes

El 27 de junio de 2001, el Sr. Edwin Quiñones Sepúlveda (Sr. Quiñones) comenzó a trabajar para Japón en el Caribe, Corp. h/n/c *"Restaurante Cherry Blossom"*, en calidad de camarero y sujeto a un período probatorio de 90 días. La relación obrero-patronal concluyó en o para el mes de agosto de 2001. ▉

Posteriormente, el 27 de enero de 2006, el Sr. Quiñones suscribió un contrato de trabajo con Oriental Food Place Corp. h/n/c *"Restaurante Orange Blossom"*, para laborar como *"server trainer"* y sujeto también a un término de prueba de 90. El 3 de marzo de 2006, el Sr. Quiñones fue separado de su puesto. ▉

Así las cosas, el 17 de agosto de 2006, el Sr. Quiñones presentó ante el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), la querella KPE06-3606 contra Japón en el Caribe Corp. (JCC) y Oriental Food Place Corp. (OFPC) por alegado despido injustificado, al amparo de la *"Ley de Indemnización por Despido Injustificado"*, Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185, *et. seq.* (Ley Núm. 80) y en reclamación de salarios al palio de la *"Ley de Horas y Días de Trabajo"*, Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 LPRA sec. 271, *et. seq.* (Ley Núm. 379) y de la *"Ley de Salario Mínimo, Vacaciones y Licencia por Enfermedad"*, Ley Núm. 180 de 27 de julio de 1998, según enmendada, 29 LPRA sec. 250, *et. seq.*

En lo atinente, adujo que durante la vigencia de la relación laboral devengó un salario de sólo $3.00 por hora y que la parte querellada retenía el setenta por ciento (70%) de las propinas que generaba por lo que reclamó el pago de $6,419.24. El querellante se acogió al procedimiento sumario estatuido por la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3118, *et. seq.* (Ley Núm. 2).

El 13 de octubre de 2006, la parte querellada presentó alegación responsiva en la que negó las imputaciones esenciales hechas en su contra, en particular que las corporaciones querelladas pertenezcan a un mismo dueño. Como defensas afirmativas expuso, entre otras, que la reclamación instada contra JCC estaba prescrita. Por otro lado, adujo que la reclamación contra OFPC por despido injustificado era improcedente, pues el querellante fue despedido durante el período probatorio *"por ser negligente en el desempeño de sus funciones y no cumplir satisfactoriamente con sus deberes"*. (Ap., pág. 65.) Negó, además, que se retuvieran o se realizaran descuentos ilegales de salarios o propinas.

Así las cosas, el 15 de noviembre de 2006, la parte querellada presentó ante el TPI una solicitud para que se dictara sentencia sumaria a su favor, en la que básicamente reiteró los argumentos esgrimidos en su contestación a la querella, los cuales fueron antes expuestos. Acompañó con la moción copia de los contratos

laborales otorgados con el Sr. Quiñones así como copia de los talonarios de pago. (Ap., págs. 58-61.)

En o para febrero de 2007, el Sr. Quiñones se opuso a la solicitud de dictamen sumario presentada ante el TPI por la parte querellada. Alegó, en síntesis, que a pesar de que los salarios reclamados para el período entre junio a agosto de 2001 están prescritos, no lo está la reclamación de salarios en torno al período de enero a marzo de 2006. Sostuvo, además, que el reclamo de propinas para ambos períodos no se rige por el término prescriptivo dispuesto en la Ley Núm. 180, *supra*, puesto que la definición de salarios no incluye el concepto de propinas. Señaló que dicha acción se rige por el derecho de obligaciones y contratos, ya que alegadamente las partes verbalmente acordaron que el Sr. Quiñones retendría el 100% de las propinas que produjera.

El 3 de abril de 2007, archivada en autos copia de su notificación el 24 de igual mes y año, el TPI emitió Sentencia Sumaria Parcial en la que desestimó las causas de acción por despido injustificado incoadas al palio de la Ley Núm. 80, *supra*, puesto que el Sr. Quiñones fue despido durante el período probatorio. Así también el TPI desestimó la reclamación de salarios para el período de junio a agosto de 2001 instada bajo la Ley Núm. 180, *supra*, por estar prescrita. Sobre tales dictámenes parciales no existe contienda en autos.

Sin embargo, el foro recurrido declinó dilucidar sumariamente la reclamación de salarios para el período de enero a marzo de 2006 así como la causa de acción por alegada retención ilegal de propinas. Al efecto, expuso que:

*"[... .. ...]*

*En relación a la causa de acción por reclamación de salarios en cuanto al período de enero a marzo de 2006, no procede disponer de la misma sumariamente. Consideramos que el Tribunal no tiene ante sí todos los hechos necesarios para resolverla. En adición, existen alegaciones contradictorias en cuanto a la cantidad que percibía el querellante por cada hora trabajada. Por un lado, el querellante alega que se le pagaba a razón de $3.00 la hora, mientras que la querellada alega que se le pagaba a razón de $5.15 la hora. Por lo que el Tribunal alberga dudas en cuanto a la cantidad que en efecto se le pagaba al querellante por hora trabajada.*

*De forma similar, tampoco procede que dispongamos sumariamente de la reclamación en torno a las propinas que generaba el querellante y que alega le retenía en un 70% la parte querellada, lo cual esta última niega. Más aún estamos impedidos de determinar si dicha reclamación está regulada por las disposiciones de aplicables a las Obligaciones y Contratos del Código Civil por existir un contrato verbal, como alega el querellante, o si le aplican la Ley 180 [6] la Ley de Normas Razonables del Trabajo. Para ello es necesario recibir prueba, ya que de la Moción Solicitando Sentencia Sumaria no surgen los hechos necesarios para hacer una determinación al respecto. [... .. ...]* (Ap., págs. 21-22.)

De dicha determinación, el 17 de abril de 2007, la parte querellada solicitó reconsideración, la cual fue denegada por el TPI mediante Resolución del 28 de junio de 2007, notificada el 2 de julio de igual año.

No conforme, el 30 de julio de 2007, la parte querellada acudió ante este foro vía la Petición de *Certiorari* del epígrafe e imputa a Instancia incidir de la siguiente forma:

*"COMETIÓ GRAVE ERROR DE DERECHO LA SALA SENTENCIADORA AL DENEGAR PARCIALMENTE LA MOCIÓN DE SENTENCIA SUMARIA."*

La parte recurrida no ha comparecido en autos conforme lo autoriza la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. Procedemos a expedir para resolver conforme lo autorizan las Reglas 53.11 de Procedimiento Civil, 32 LPRA Ap. III, R. 53.11 y 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

## Exposición y Análisis

### I

Como se sabe, la sentencia sumaria gobernada por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. III, R. 36, constituye un mecanismo procesal discrecional y extraordinario cuyo propósito es facilitar la solución justa, rápida y económica de aquellos litigios civiles que no presenten controversias genuinas de hechos importantes y pertinentes que la regla llama "*materiales*"; razón por la cual no ameritan la celebración de un juicio en su fondo y pueden adjudicarse implementando la norma de ley referente a hechos no disputados. *Cruz v. Pep Boys*, 169 DPR ___ (2007), **2007 JTS 8**; *Freire v. Vista Rent*, 169 DPR ___ (2006), **2006 JTS 172**; *Malavé v. Oriental*, 167 DPR ___ (2006), **2006 JTS 72**; *Vera et. al. v. Dr. Bravo et. als.*, 161 DPR ___ (2004), **2004 JTS 40**; *Pilot Life Ins. Co. v. Crespo Martínez*, 136 DPR 624, 632 (1994). Únicamente se concederá el dictamen sumario cuando la evidencia que se presente junto a la moción, establezca con claridad la existencia de un derecho a favor de parte en el litigio.

Es reiterada la doctrina al efecto de que mediante dicho mecanismo se busca obtener un remedio rápido y eficaz en casos en que queda demostrado que sólo es menester adjudicar el derecho sobre hechos importantes y pertinentes ("*materiales*") que no están en litigio en la causa. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911-912 (1994); *Revlon v. Las Américas Trust Co.*, 135 DPR 363, 376 (1994).

De tal modo y en cumplimiento con el primer postulado del ordenamiento procesal civil, la disposición por la vía sumaria persigue aligerar la tramitación de toda causa civil, bien mediante sentencia parcial o total, sin celebrar una vista en los méritos, para adjudicar credibilidad, precisamente cuando de los documentos no refutados conste que realmente no existen controversias de hechos sobre aspectos medulares y que sólo resta aplicar el derecho. *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, *supra*; *Caquías v. Asoc. Res. Mansiones de Río Piedras*, 134 DPR 181, 216 (1993).

En tal exégesis se tomarán en consideración las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, y luego de quedar claro que del conjunto consta que no hay controversia real sustancial en cuanto a ningún hecho importante y pertinente ("*material*") como queda dicho, y que como cuestión de derecho conste que también debe dictarse sentencia a favor de alguna parte en el litigio aunque no sea ésta la que haya solicitado el remedio sumario. *Neca Mortgage Corp. v. A & W Developers S.E.*, 137 DPR 860 (1995); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 720 (1986).

Ante la presencia de conflictos reales y sustanciales respecto a hechos importantes y pertinentes, aun en caso de razonable duda al respecto, el foro debe resolver en contra de quien presentó la sentencia sumaria, pues el trámite de la sentencia sumaria no permite que el tribunal entonces dirima cuestiones de credibilidad sin la celebración de una vista evidenciaria plenaria. *Rivera v. Depto. de Hacienda*, 149 DPR 141 (1999); *Col Ing. Agrim. P.R. v. A.A.A.*, 131 DPR 735, 781-782 (1992). Tal norma busca minimizar el peligro de que un trámite sumario pueda prestarse para despojar a un litigante de su "*día en corte*", principio elemental del debido procedimiento de ley. *Roig Comercial Bank v. Rosario Cirino*, 126 DPR 613, 617-618 (1990).

Tampoco es aconsejable que los tribunales utilicen el mecanismo procesal de sentencia sumaria para resolver casos complejos o que involucren aspectos de interés público, *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, *supra*, a la pág. 914, o aquéllos en que deban sopesarse elementos subjetivos sobre intención, propósitos mentales, negligencia o **factores de credibilidad**. *Elías y otros v. Chenet y otros*, 147 DPR 507 (1999); *Rivera v. Depto. de Hacienda*, *supra*; *Piñero v. A.A.A.*, 146 DPR 890 (1998); *Soto v. Caribe Hilton*, 137 DPR 294 (1994). ■

## II

Como cuestión de umbral debemos atender la reclamación por alegada retención de propinas correspondiente el período entre **junio y agosto de 2001**. Dicha causa de acción no fue dilucidada sumariamente por el foro recurrido luego de acoger el planteamiento esgrimido por el Sr. Quiñones en la *"Oposición a Moción de Sentencia Sumaria"* a los efectos de que las propinas:

*"[... .. ...]*

*No caen dentro de la definición de salarios, debido a que las propinas son ingresos pagados por terceras personas al demandante* (querellante) *y por lo tanto éstas no se rigen por la Ley Número 180 anteriormente citada. Estas caen bajo las disposiciones de Obligaciones y Contratos contenidas en el Código Civil de Puerto Rico, debido a que el acuerdo verbal entre el demandante* (querellante) *y el demandado* (querellado) *era que el demandante* (querellante) *iba a retener el cien por ciento (100%) de éstas (sic) propinas; sin embargo, los demandados* (querellados) *retuvieron el setenta por ciento (70%) de las mismas en violación del contrato verbal acordado previamente entre las partes. En cuanto al término prescriptito (sic) para ejercer las acciones personales que no tengan término señalado, nos dice nuestro Código Civil en el Artículo 1864, 31 L.P.R.A. sec. 5294:*

*"Acción hipotecaria; acciones personales que no tengan término señalado*

*La acción hipotecaria prescribe a los veinte (20) años, y las personales que no tengan señalado término especial de prescripción, a los quince (15)."*

(Ap., pág. 48.)

Así, pues, razonó el hermano foro de Instancia que la reclamación de las propinas alegadamente retenidas por la parte querellada durante los meses de junio a agosto de 2001 no había prescrito por tratarse de una acción personal con 15 años de plazo prescriptivo. Erró al así proceder.

Es de señalar que es errada la teoría esbozada por el Sr. Quiñones y acogida por el TPI, al efecto de que las propinas se pactaron fuera del contexto de la relación de trabajo, bajo el palio de que se trata de una transacción entre el empleado (mesero) y un tercero (cliente del restaurante). Es norma reiterada que las propinas se consideran parte de la remuneración del empleo. Cf. *Hotel Palace v. Junta Salario Mínimo*, 74 DPR 736, 741 (1953). Por otro lado, si se tratare de una *"contratación civil"*, no cabría su reclamación por la vía del procedimiento sumario dispuesto en la Ley Núm. 2, *supra*.

Por tanto, forzoso es concluir que toda reclamación aquí incoada respecto al período comprendido entre los meses de junio a agosto de 2001 está irremediablemente prescrita, puesto que la querella de marras fue presentada ante en TPI el **17 de agosto de 2006**, cuando ya habían transcurrido en exceso los términos prescriptivos de las legislaciones laborales en las que el querellante fundamentó su razón de pedir (Leyes Núm. 80, 379 y 180.) Procede expedir el auto de *Certiorari* sólo para modificar el dictamen sumario a tal respecto.

## III

En cuanto a las reclamaciones de salarios y por retención ilegal de propinas para el período de **enero a marzo de 2006**, la parte querellada, aquí peticionaria, sostiene que las mismas constituyen cuestiones de estricto derecho que pueden ser resueltas por el TPI, meramente a base de un examen de la prueba documental presentada y la legislación laboral aplicable.

Sin embargo, del expediente ante nos trascienden versiones contradictorias relacionadas a hechos esenciales y pertinentes que informan la controversia de marras. Por un lado, la parte querellada aduce ser un patrono

cobijado por la Ley Federal de Normas Razonables del Trabajo ("*Fair Labor Standards Act*"), legislación que le permite "*optar por el mecanismo de conjurar la propina y el cargo [d]e servicio con un salario de $3.00 y siempre que la suma llegue al salario mínimo de $5.15* ▓ *la exceda*", Petición de *Certiorari*, págs. 4-5, se cumple con el pago del salario mínimo, obligación que fue ejercida a cabalidad según lo demuestran los cheques y talonarios anejados.

Por el contrario, el recurrido, Sr. Quiñones, arguye que el contrato establece que el salario base sería de $5.15 por hora y no $3.00 por hora complementado con las propinas para arribar al total de $5.15. Sostuvo, además, que las partes verbalmente convinieron que en adición al salario de $5.15 por hora, él (Sr. Quiñones) retendría el 100% de las propinas que generase.

Ante tales versiones contradictorias no es imposible utilizar únicamente la documentación provista (contratos, talonarios, cheques), sin ulterior prueba, para concluir en forma definitoria y segura como lo requiere el dictamen sumario. Las controversias entre las alegaciones de las partes que, como podemos advertir, inciden directamente sobre elementos esenciales del contrato, hacen necesario y fundamental la celebración de la vista evidenciaria.

Por todo lo anterior, concluimos que el TPI actuó correctamente al no dirimir la cuestión planteada mediante el vehículo procesal extraordinario de sentencia sumaria. Somos del criterio que en este caso y en esta etapa procesal en que se encuentra resulta imprescindible la presentación de prueba testifical para adjudicar el alcance del alegado contrato verbal habido entre las partes respecto a las propinas y cómo ello incide en la reclamación de salarios incoada bajo la Ley Núm. 180, *supra*.

Como explicamos anteriormente, el caso de epígrafe presenta controversias de hechos sobre las cuales el tribunal deberá recibir prueba oral para aquilatar y adjudicar credibilidad. A tal fin, el TPI deberá resolver en sus méritos la causa de autos. Por lo tanto, no procede la dilucidación sumaria del asunto planteado.

Conforme a lo expuesto y los criterios señalados en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, no debemos expedir el auto de *Certiorari* aquí solicitado. No advertimos que el hermano foro de instancia incidiera en error en su dictamen en lo referente a esta vertiente de la querella.

## Dictamen

De conformidad a lo antes señalado, expedimos el auto de *Certiorari* aquí solicitado para modificar la Sentencia Sumaria Parcial, a los únicos efectos de decretar sumariamente la desestimación de la reclamación respecto a la retención de las propinas correspondiente al período de junio a agosto de 2001, por estar prescrita.

Una vez la presente advenga final y firme, se remitirá el mandato al Tribunal de Primera Instancia para la continuación del trámite conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones