WILLIAM CALO RIVERA, ETC., demandantes y peticionarios, *v.* RUBÉN D. REYES, ETC., demandados y recurridos.

*Número:* R-83-254    *Resuelto:* 29 de febrero de 1984

124

*Manuel Dorta-Duque Ortiz,* abogado de los recurrentes; *Ángel L. Tapia Flores,* de *Tapia & Avilés,* abogado de los recurridos.

El Juez Asociado Señor Díaz Cruz emitió la opinión del Tribunal.

El 17 de diciembre de 1971 Rubén D. Reyes y su esposa Gladys Aponte emitieron un pagaré hipotecario al portador por $25,800 con vencimiento a los cinco años, a cuyo pago afectaron con primera hipoteca un inmueble de 740 m/c con dos edificaciones en la Calle Guayama de Hato Rey. El 15 de mayo de 1975 vendieron la finca hipotecada a Juan Jusino y esposa Luz C. Negrón; se hizo constar en la escritura que la obligación estaba reducida a $17,000 y en la cláusula 2da(b) estipularon que "los compradores retienen la suma de diez y siete mil dólares ($17,000.00) para el pago en su día de la

hipoteca que al presente grava la propiedad . . .". Estas operaciones fueron debidamente inscritas en el Registro de la Propiedad por lo que el comprador es el nuevo titular registral.

El recurrente Calo Rivera adquirió el pagaré (ya vencido) el 8 de diciembre de 1981 y en febrero de 1983 dedujo demanda enmendada en la que acumuló la acción personal con la real hipotecaria contra el girador Reyes y sus compradores Jusino y esposa, en ejecución del crédito por su balance impagado de $17,000. Reyes, deudor original, solicitó sentencia sumaria y la sala de instancia luego de concluir "que no existe ninguna controversia sobre ningún hecho material . . . entre el demandante y el codemandado Rubén D. Reyes", desestimó la demanda en cuanto a éste. Al recurso de revisión del tenedor demandante, expedimos auto de revisión el 15 de julio de 1983 y considerados los extensamente debatidos planteamientos que ha suscitado el recurso, resolvemos.

## I

Dio como fundamentos de derecho la sala de instancia, para su sentencia sumaria desestimatoria: falta de condición de tenedor de buena fe en el demandante poseedor del pagaré hipotecario; liberación del deudor original por su comprador y nuevo titular registral; e indebida acumulación de la acción personal y la real hipotecaria.

El demandante no es tenedor de buena fe pues adquirió el pagaré al portador después de su vencimiento. Art. 405, inciso 2 del Código de Comercio, 19 L.P.R.A. sec. 92; *Sánchez* v. *Colón*, 97 D.P.R. 493, 497 (1969). Está, por tanto, sujeto a las defensas que puedan esgrimirse contra un documento que no fuere negociable. Art. 411 del Código de Comercio, 19 L.P.R.A. sec. 98.

La cláusula de retención del precio por el comprador Jusino para pagar el importe de la hipoteca, no

liberó de ésta al vendedor y deudor original Reyes, pues faltó el consentimiento expreso o tácito del acreedor.(¹) El comprador de la finca hipotecada se subroga en la responsabilidad hipotecaria y en la obligación personal con ella garantizada, mas no queda el hipotecante original desligado de la obligación, si no ha concurrido el acreedor. Art. 164, Ley Hipotecaria.(²) Toda vez que Jusino es un subrogado, su entrada no destruye la relación obligacional que permanece o subsiste con Reyes como deudor original. R. M. Roca Sastre, *Derecho Hipotecario*, 7ma ed., Barcelona, Ed. Bosch, 1979, T. IV, Vol. 1, págs. 413-414. El Art. 164 de la Ley Hipotecaria ha incorporado al sistema la figura de asunción de deuda, que al ofrecer al acreedor un tercero que asume la misma como nuevo deudor subrogado, exige antes que nada el consentimiento del acreedor porque únicamente éste puede renunciar a la garantía de responsabilidad patrimonial del deudor a la que están afectos todos sus bienes, presentes y futuros. Art. 1811 C.C. "[U]n acreedor hipotecario puede proceder directamente contra su deudor original, el cesionario de éste, o contra el comprador de la propiedad principal, cuando este último ha asumido el pago de la hipoteca, y aun contra el deudor y su cesionario conjuntamente." *Carrera* v. *Palerm*, 52 D.P.R. 815, 816 (1938).

(¹) Igual exigencia de consentimiento del acreedor se da en la novación por substitución del deudor. Art. 1159 C.C. En la *subrogación*, sin embargo, no hay desplazamiento del deudor original porque no surte el efecto extintivo de la novación.

(²) Art. 164 —*Venta de finca hipotecada; efectos*

"En caso de venta de la finca hipotecada, si el vendedor y el comprador hubieren pactado que el segundo se subrogará no sólo en las responsabilidades derivadas de la hipoteca, sino también en la obligación personal con ella garantizada, quedará el primero desligado de dicha obligación, si el acreedor prestare su consentimiento expreso o tácito.

"Si no hubiere pactado la trasmisión de la obligación pero el comprador hubiese descontado su importe del precio de la venta, o lo hubiere retenido, aunque no se exprese en la escritura, y al vencimiento de la obligación fuera ésta satisfecha por el deudor que vendió la finca, quedará subrogado éste en el lugar y grado del acreedor hasta tanto el comprador le reintegre el total adeudado." 30 L.P.R.A. sec. 2560.

█ La acción personal y la acción real hipotecaria (cuando no se trata del procedimiento ejecutivo sumario) pueden acumularse por el acreedor, y es procedente y recomendable que así se haga cuando el deudor personal y el propietario de la cosa hipotecada son dos personas distintas. Roca Sastre, *op. cit.*, 6ta ed., T. IV, Vol. 2, págs. 968, 970, 973. Nuestro Procedimiento Civil propicia la acumulación, tanto de partes como de reclamaciones. Reglas 16, 17 y 14; *Puig* v. *Sotomayor*, 47 D.P.R. 454 (1934).

## II

█ En la periferia de hechos determinados para sentencia sumaria, el recurrido alega que en cierto momento el titular registral adquirió el pagaré emitido por Reyes, mediante pago a un tenedor de apellido Viera, y que luego lo renegoció a un tercero, acto ineficaz por haberse extinguido la obligación por confusión de derechos al reunirse en una misma persona los conceptos de acreedor y deudor. Art. 1146 C.C. El argumento se desvanece ante la realidad de que el pagaré no pierde su negociabilidad por un episodio temporero de confusión de derechos. Puesto en circulación nuevamente por el deudor Jusino, con su reingreso al cauce de corriente creditica, el pagaré recuperó toda su validez y su valor de garantía de la obligación asegurada. *Srio. de Hacienda* v. *Tribunal Superior*, 95 D.P.R. 436, 444 [3] (1967).

La demanda del tenedor no incluye como parte a Gladys Aponte, esposa del librador Reyes y cofirmante del instrumento. No fue esta cuestión determinante en la sentencia sumaria por lo que subsiste la elección por el actor de los deudores a demandar, con las consecuencias que conlleve; pero no es ésta razón para desestimar la acción civil.

█ Finalmente nos dirigimos a la revelación en el argumento por el recurrido Reyes de la existencia de una

---

[3] Este planteamiento de extinción por confusión de derechos fue rechazado por este Tribunal en denegatoria de moción para desestimar el recurso (R. 17 de noviembre de 1983) que ahora fundamentamos.

controversia subyacente respecto a si el tenedor demandante es litigante de buena fe o testaferro utilizado por el comprador Jusino, para que la ejecución de la primera hipoteca barra la segunda que garantiza un precio aplazado de $30,000. No era esta controversia definida cuando se dictó sentencia sumaria, por lo que no tenía el tribunal para adjudicación una totalidad de hechos incuestionados.

*Se revocará la sentencia sumaria recurrida y se remitirá el caso a instancia para continuación de procedimientos compatibles.*

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión. El Juez Asociado Señor Rebollo López no intervino.