ROIG COMMERCIAL BANK, demandante y recurrido, *v.* DANIEL ROSARIO CIRINO, demandado; ANTONIA ROSARIO ROMERO, ETC., interventores y recurrentes.

*Número:* RE-86-597　　　*Resuelto:* 29 de junio de 1990

---

*Francisco Guzmán Rivera* y *Reinaldo Pérez Ramírez,* abogados de los recurrentes; *Máximo Molina Fragosa,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

I

El 19 de agosto de 1983 Roig Commercial Bank (el Banco) presentó en el Tribunal Superior, Sala de Carolina, demanda de cobro de dinero y ejecución de hipoteca contra Daniel Rosario Cirino. Alegó, en síntesis, que el demandado obtuvo un préstamo personal y suscribió un pagaré a la orden del Banco por la suma de $30,000 cuya obligación principal garantizó mediante la entrega, en carácter de prenda, de un pagaré al portador por la cantidad de $100,000. Este pagaré estaba garantizado, a su vez, con una hipoteca constituida mediante la Escritura Núm. 17 otorgada en San Juan el 29 de noviembre de 1982 ante el notario Rafael Rodríguez Álvarez, que gravaba el inmueble siguiente:

"RUSTICA": Compuesta de cinco (5) cuerdas y cinco sextas (5/6) partes de otra. Radicada en el sitio conocido por "Los Frailes" del Barrio de Torrecillas de la Municipalidad de Lo[í]za. Colindante por el Norte con la zona marítima, por el Sur con Luis Castro, antes Doña Romana Vizcarrondo, por el Oeste con [Brígido] Rosario París y al Este, con [Felícita] Rosario París. *Exhibit* 3-A, Apéndice 23.

[INSCRITA] al Folio n[ú]mero 36, del Tomo 154 de Loíza, [F]inca número 8,109 en el Registro de la Propiedad de Puerto Rico, Sección Séptima (7ma) de San Juan. *Exhibit* II, Apéndice 14.

El Banco alegó, además, que Rosario Cirino no había satisfecho la deuda, la cual estaba vencida, era líquida y exigible.

Rosario Cirino no compareció. El 13 de febrero de 1985 el tribunal de instancia dictó sentencia en rebeldía a favor del Banco. Así las cosas, el 10 de abril de 1985, Antonia, Cándida, Marcolina y José —de apellidos Rosario Romero— solicitaron intervención. Alegaron ser los únicos y universales herederos de su padre Brígido Rosario París, quien había fallecido el 22 de enero de 1956. Adujeron que su padre era el dueño del inmueble hipotecado y que el demandado Rosario Cirino no pudo haberlo adquirido legalmente como expresaba la Escritura Núm. 2 de 12 de marzo de 1982, pues a esa fecha hacía veintiséis (26) años que su padre había fallecido.(1) Reclamaron la nulidad del contrato de compraventa y de la hipoteca. Solicitaron, además, que se anularan las inscripciones registrales resultantes; se dejara sin efecto la Sentencia de 13 de febrero de 1985; se les reconociera como los propietarios de la finca en cuestión, y se ordenara la inscripción registral a su favor. El Banco se opuso y alegó ser tercero registral.

El 28 de agosto de 1985, después de permitir la intervención, el tribunal ordenó la paralización de la ejecución de la sentencia. Más adelante ordenó la anotación de la demanda de intervención en el Registro de la Propiedad y la denegación de cualquier solicitud de inscripción relacionada con la propiedad hasta tanto se dispusiera de otra manera.

A solicitud de los interventores Rosario Romero *et al.*, y sin oposición del Banco, el 21 de abril de 1986 el tribunal (Hon.

---

(1) Para inscribir el derecho de propiedad de Don Brígido Rosario París se efectuó un trámite de información *Ad Perpetuam Rei Memoriam* de la Escritura Núm. 133 otorgada en San Juan el 1ro de septiembre de 1928 ante el notario Adrián Agosto Abadía (Civil Núm. 82-2600). En este procedimiento, Daniel Rosario Cirino compareció como peticionario en el Tribunal Superior, Sala de Carolina (Hon. Juez Roberto Bird Hoffmann, Juez).

Roberto Bird Hoffmann, Juez) dictó "*Sentencia sumaria parcial sobre titularidad*" en la que declaró nulo el contrato de compraventa; ordenó al Registrador de la Propiedad que anulara su inscripción y que inscribiera la propiedad en cuestión a nombre de Antonia Rosario Romero, Cándida Rosario Romero, Marcolina Rosario Romero y José Rosario Romero en común pro indiviso. Señaló, además, que quedaba pendiente de resolverse todo lo relacionado con la deuda de $30,000, la procedencia o no de la ejecución de hipoteca y la sentencia; la impugnación de los interventores en cuanto a la hipoteca y la sentencia, y otros aspectos.

El 12 de mayo de 1986 el Banco solicitó enmienda, determinaciones de hecho y conclusiones de derecho adicionales y reconsideración. Los interventores objetaron. Alegaron que la oposición era tardía y acomodaticia y que la sentencia, en el inciso (6) de su parte dispositiva, dejaba pendiente resolver la alegada condición de tercero registral del Banco.

Cinco (5) meses después, el tribunal de instancia, sin procedimiento previo alguno, reconsideró y dictó lo que llamó *Sentencia Sumaria en Reconsideración sobre Titularidad y Tercero Registral*. Ratificó la nulidad del contrato de compraventa y, entre otras determinaciones, dispuso que el Banco era tercero registral.

Inconformes, los interventores recurrentes Rosario Romero, *et al.* señalan ante nos varios errores que pueden resumirse en la violación al debido proceso de ley al dictar sentencia sumaria en reconsideración sin tener jurisdicción (por haber transcurrido el término para ello) y negarle la oportunidad de impugnar la Sentencia de 13 de febrero de 1985 y la alegada condición de tercero registral del Banco.

En auxilio de nuestra jurisdicción ordenamos la paralización de los procedimientos de ejecución de la sentencia y concedimos al demandante recurrido y al demandado Rosario Cirino término para que mostraran causa por la cual no debíamos modificar o dejar sin efecto la sentencia recurrida y ordenar que se celebrara una vista plenaria en la que los interventores recurrentes tuvieran amplia oportunidad de presentar prueba sobre si el Banco es un tercero registral conforme a las disposiciones de la Ley Hipote-

caria y sobre las imputaciones de fraude[2] levantadas por éstos, así como cualesquiera otros extremos relevantes a los asuntos planteados ante nos. Previa comparecencia del Banco, resolvemos.

## II

Tal y como determinó el tribunal de instancia, el contrato de compraventa es nulo. *Banco de Santander v. Rosario Cirino*, 126 D.P.R. 591 (1990); *Sánchez v. López Jiménez*, 116 D.P.R. 172, 178 (1985). Por lo tanto, Rosario Cirino nunca adquirió válidamente el dominio de la finca que es objeto de la ejecución de hipoteca. Este hecho crucial, alegado por los interventores recurrentes y *aceptado* por el Banco, dio fundamento para que se dictara sentencia sumaria parcial sobre la titularidad del inmueble sin disponer de la totalidad del pleito, lo que está permitido por la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Esa determinación de derecho fue reiterada en la sentencia sumaria que más adelante dispuso del pleito.

## III

Es doctrina reconocida que el propósito cardinal de la regla que permite dictar sentencia sumaria es promover una solución justa, rápida y económica de la litigación cuando no existe una genuina controversia de hechos. *Camaleglo v. Dorado Wings, Inc.*, 118 D.P.R. 20 (1986); *Vellón v. Squibb Mfg., Inc.*, 117 D.P.R. 838 (1986); *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1986); *Padín v. Rossi*, 100 D.P.R. 259, 263 (1971); *Roth v. Lugo*, 87 D.P.R. 386 (1963). El *sabio discernimiento* es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de "su día en corte", principio elemental del debido procedimiento de ley. Es por esta razón que el tribunal debe cerciorarse de la total inexistencia de controver-

---

(2) El asunto fue referido al Procurador General para investigación. El 2 de noviembre de 1987 rindió un informe que se halla ante nuestra consideración.

sias de hecho y que el residuo sea la aplicación del derecho. *Tello, Rivera v. Eastern Airlines*, 119 D.P.R. 83 (1987).

En el caso que nos ocupa, tienen razón los interventores recurrentes al argumentar la improcedencia de la sentencia sumaria sobre la condición de tercero registral del Banco.(3)

▄▄▄ De las alegaciones de las partes se deduce que existen legítimas controversias de hecho que ameritan un juicio en su fondo para dirimirlas. No puede pasar por alto que el Art. 105 de la Ley Hipotecaria y del Registro de la Propiedad, 30 L.P.R.A. sec. 2355, exige que se pruebe la concurrencia de varios requisitos para obtener la protección registral, entre ellos, la buena fe del adquirente del derecho real. Y si bien es cierto que se presume la buena fe "[c]omo presunción legal *iuris tantum*, el [que la impugna] tiene la carga de probar la mala fe del adquirente". Este aspecto es una cuestión de hecho que debe apreciar el tribunal de instancia. *Banco de Santander v. Rosario Cirino*, supra. Una vez fue impugnada la presunción de buena fe del Banco, los interventores recurrentes tenían derecho a presentar prueba para derrotarla. De otra manera, se convertiría en una presunción incontrovertible, característica que rechaza nuestro ordenamiento evidenciario y constitucional. E.L. Chiesa, *Práctica Procesal Puertorriqueña: Evidencia*, San Juan, Pubs. J.T.S., 1983, Vol. I, págs. 39–42; E.L. Chiesa, *Sobre la validez constitucional de las presunciones*, XIV Rev. Jur. U.I.A. 727 (1980).

Por los fundamentos expuestos, *se expedirá el auto y se dictará sentencia modificatoria del dictamen sumario en cuanto a la tercería registral. Así modificado, será confirmado. Se remitirán al foro de instancia los autos originales para la continuación de los procedimientos compatibles según resuelto e intimado en nuestra orden para mostrar causa.*

El Juez Presidente Señor Pons Núñez no intervino.

_____

(3) En *Calo Rivera v. Reyes*, 115 D.P.R. 123, 127–128 (1984), determinamos que no procedía dictar sentencia sumaria en una acción civil en cobro de pagaré hipotecario porque existía controversia respecto a si el tenedor demandante era litigante de buena fe o testaferro.