*831 TEXTO COMPLETO DE LA SENTENCIA
Puerto Rico Adolescent Training School y/o Panamericano ABS Corp. (P.R.A.T.S.) presentó recurso de certiorari en solicitud de la revocación de la resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, que declaró sin lugar la solicitud de sentencia sumaria y desestimación de la demanda presentada en su contra por el Sr. José Andino Nieves.
Los hechos que dan lugar a la controversia surgen ante la demanda por despido injustificado y daños y perjuicios instada por el señor Andino Nieves y la sociedad legal de bienes gananciales contra el Estado Libre Asociado de Puerto Rico (E.L.A.), el Comisionado de Instituciones Juveniles, el Administrador de Instituciones Juveniles y Puerto Rico Adolescent Training School y/o Panamericano ABS Corp. En la demanda, el señor Andino Nieves alegó que ocupó el cargo de Auxiliar Coordinador de Consejos Residenciales en P.R.A.T.S., de donde fue despedido alegadamente porque no aprobó el período probatorio. Alegó que la realidad es que dicho despido ocurrió como parte de un subterfugio para privarlo de su empleo sin el debido proceso de ley. Reclamó quinientos mil dólares ($500,000.00) como compensación por daños sufridos por él y su familia por haber sido despedido injustamente.
Luego de contestar la demanda, P.R.A.T.S. presentó solicitud de sentencia sumaria. Planteó, en esencia, la procedencia de la desestimación de la demanda por inexistencia de causa de acción, ausencia de un interés propietario del demandante para la continuidad en el empleo y la improcedencia de daños y perjuicios ante la exclusividad del remedio provisto por la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, 29 L.P.R.A. secs. 185(a) y ss., sobre despido injustificado. Acompañó su solicitud con las cartas de nombramiento del demandante al puesto de Consejero Residencial, de nombramiento probatorio al puesto de Auxiliar de Coordinador de Consejeros Residenciales y de despido. Apéndice del recurso, págs. 20-22.
El señor Andino Nieves se opuso a la desestimación solicitada. Argumentó la existencia de controversia sobre las causas del despido, alegó que el despido ocurrió luego de varios incidentes en los que fue hostigado y difamado e hizo referencia a una declaración jurada. Sostuvo que la razón de la no aprobación del período probatorio, fue un subterfugio para que no pudiera validar su derecho al debido proceso de ley y reclamar por daños. Apéndice del recurso, pág. 29.
El tribunal declaró sin lugar la moción de sentencia sumaria. En la resolución recurrida, concluyó que *832 existía controversia de hechos sobre el alegado motivo del despido, lo que consideró esencial en el caso. Determinó como hechos probados que el señor Andino Nieves comenzó a trabajar para P.R.A.T.S. el 15 de abril de 1997 como Consejero Residencial, que el 28 de julio de 1998 fue ascendido a la posición de Auxiliar de Coordinador de Consejeros Residenciales, que el 23 de julio, el señor Andino Nieves suscribió un contrato de empleo probatorio por el término de 90 días vencederos el 21 de octubre de 1998, y que el 6 de octubre de 1998 fue despedido.
P.R.A.T.S plantea en el recurso que erró el tribunal, ya que el demandante carece de causa de acción por despido injustificado por haber sido despedido durante el período probatorio. Alega, además, que erró al no desestimar las causas de acción por violación al debido proceso de ley y declarar sin lugar la solicitud de sentencia sumaria por el fundamento de que existe controversia sobre hechos materiales.
Considerados los planteamientos de las partes y la resolución recurrida, a la luz del derecho aplicable, procede devolver el caso al tribunal de instancia para que revalúe la solicitud de sentencia sumaria, conforme lo dispuesto en esta sentencia.
Sabido es que la sentencia sumaria es un mecanismo procesal extraordinario que tiene el propósito de facilitar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales y, por tanto, no ameritan la celebración de un juicio en su fondo. Así, la Regla 36.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. ID, establece que se podrá dictar sentencia sumaria, si de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, surge que no hay controversia real sustancial en cuanto a ningún hecho material, y que como cuestión de derecho debe dictarse sentencia a favor de la parte promovente.
Sólo procede dictar sentencia sumaria cuando surge claramente que el promovido no puede prevalecer bajo ningún supuesto de hechos y que el tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Cuando no existe una clara certeza sobre todos los hechos, no procede una sentencia sumaria. Es por ello que cualquier duda sobre la existencia de una controversia sobre los hechos materiales, debe resolverse contra la parte promovente. Audiovisual Lang. v. Sist. Est. Natal Hns., 144 D.P.R _ (1997), 97 J.T.S. 147, pág. 400; PFZ Properties v. General Accident, 136 D.P.R. 881, 911 (1994); Corp. Presiding Bishop v. Purcell, 117 D.P.R. 714, 721 (1986).
Tomando en consideración que la sentencia sumaria es un remedio de carácter discrecional, se ha expresado que el sabio discernimiento es el principio rector para su uso, porque mal utilizada, puede prestarse para despojar a un litigante de su día en corte, principio elemental del debido proceso de ley. Roig Com. Bank v. Rosario Cirino, 126 D.P.R. 613, 617 (1990).
Por otro lado, ante la desestimación solicitada en la solicitud de sentencia sumaria, debe tenerse en cuenta que para la disposición de una solicitud de desestimación, tienen que presumirse como ciertos los hechos bien alegados en la demanda. Roldán Rosario y otros v. Lutrón, 151 D.P.R. _ (2000), 2000 J.T.S. 133, pág. 27; Unisys v. Ramallo Brothers, 128 D.P.R. 842, 858 (1991); Romero Arroyo v. E.L.A., 127 D.P.R. 724, 737 (1991); Granados v. Rodríguez Estrada I, 124 D.P.R. 1, 48 (1989); First Fed. Savs. v. Asoc. de Condómines, 114 D.P.R. 426, 431 (1983). Las alegaciones de la demanda tienen que ser examinadas liberalmente y de la manera más favorable al demandante. Unicamente se desestimará la acción, si el promovente no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar en juicio. Granados v. Rodríguez Estrada I, supra; González Camacho v. Santos Cruz, 124 D.P.R. 396, 397-398 (1989); Candal v. CT Radiology Office, Inc., 112 D.P.R. 227, 230-231 (1982).
A los fines de considerar la procedencia o no de la desestimación por vía de una sentencia sumaria, es menester enmarcar este caso bajo el derecho aplicable y los hechos planteados ante el tribunal recurrido.
*833 La Ley Núm. 80, supra, provee una indemnización para los empleados contratados por término indefinido que son despedidos sin justa causa. El único remedio que tiene el ex-empleado es una indemnización equivalente a un mes de sueldo, más una semana de compensación por cada año de servicio con el patrono. Artículos 1 y 2, 29 L.P.R.A. secs. 185(a) y 185(b). Esta ley define, específicamente, lo que constituye justa causa para el despido y excluye de la justa causa el despido que se hace por mero capricho del patrono o sin razón, relacionada con el buen y normal funcionamiento del establecimiento.
Ahora bien, en cuanto a la exclusividad del remedio provisto por la Ley Núm. 80, está resuelto que aunque, de ordinario, un trabajador u obrero contratado sin tiempo determinado que es despedido injustificadamente sólo tiene derecho a dicho remedio, una excepción a esta norma es que el despido se haga con el propósito y la intención de frustrar o subvertir, o que tenga el efecto de frustrar o subvertir una clara política pública. Arroyo v. Rattan Specialties, 117 D.P.R. 35, 65 (1986). Está claramente establecido que la exclusividad de remedios de las leyes laborales, no excluye la responsabilidad civil de un patrono por conductas torticeras en que incurriere por otros motivos que no sean la mera violación de una disposición de las leyes del trabajo. Rivera v. Security Nat. Life Ins. Co., 106 D.P.R. 517, 527 (1977). Así, pues, la exclusividad del remedio provisto en la Ley Núm. 80 es una indemnización por los daños que le causa el mero despido sin justa causa. Alvira Cintrón v. SK & F Laboratories Co., 142 D.P.R. _ (1997), 97 J.T.S. 40, pág. 816. Si con el despido ocurren otras actuaciones torticeras que sean independientes al mismo, entonces procede que se responsabilice al patrono a base de dicha conducta. Véase Segarra Hernández v. Royal Bank de Puerto Rico, 145 D.P.R. _ (1998), 98 J.T.S. 37, pág. 747; Porto v. Bentley de Puerto Rico, Inc., 132 D.P.R. 331, 342 (1992).
Se ha reconocido, jurisprudencialmente, que las actuaciones que permiten al obrero contratado sin tiempo determinado que es despedido sin justa causa reclamar el pago de la compensación económica por concepto de la mesada y también instar una acción para reclamar los daños y perjuicios causados por esas actuaciones, son aquéllas que lesionan su derecho a la intimidad o que son constitutivas de ataques a su integridad personal. En tal caso, la reclamación de daños se da ante las actuaciones antijurídicas independientes al hecho del despido que resultan indemnizables bajo nuestro ordenamiento jurídico. Si luego de que el obrero presenta toda su prueba, queda demostrado que sólo hubo un despido injustificado y que no mediaron actuaciones antijurídicas compensables bajo el Artículo 1802 del Código Civil de Puerto Rico, 31 L.P.R.A. see. 5141, tan sólo tiene derecho al remedio provisto en la Ley Núm. 80. Segarra Hernández v. Royal Bank, supra.
En el caso que consideramos, P.R.A.T.S. solicitó la desestimación sumaria de la acción en daños bajo la alegación que de existir una causa de acción por despido injustificado, el remedio exclusivo para el reclamante es el provisto por la Ley Núm. 80.
Un examen de la demanda incoada por el señor Andino Nieves demuestra que éste no incluyó alegaciones específicas de actos torticeros por parte de su patrono, e independientes al despido, que le hicieran acreedor de una causa de acción en daños y pejjuicios al amparo del Artículo 1802 contra el patrono demandado. En su oposición a la solicitud de sentencia sumaria, se limitó a alegar que el despido ocurrió como parte de un patrón de hostigamiento y difamación para privarlo de su empleo en violación al debido proceso de ley. Apéndice del recurso, pág. 29. Hizo referencia a una declaración jurada para sustentar su alegación y controvertir la solicitud de sentencia sumaria presentada por P.R.A.T.S., la que no consta en el expediente. La alegación de hostigamiento y difamación es general y sin descripción de hechos o eventos específicos que la sustenten.
Las alegaciones de la demanda y de la oposición a la sentencia sumaria,entendemos que son suficientes para sostener la determinación del tribunal respecto a que hay controversia de hechos en cuanto a las razones del despido. Independientemente de que el despido fuera efectuado durante el período probatorio, el patrono no puede despedir por razones inválidas, sin que aplique el remedio de la Ley Núm. 80 o aquéllos que procedan legalmente.
Ahora bien, el tribunal de instancia no hizo señalamientos en cuanto al remedio de daños solicitado, a la luz *834 de las alegaciones del demandante. No encontramos base en éstas para que prevalezca una acción por daños, por mediar hechos alegados sobre el despido que subviertan la política pública o que constituyan las actuaciones antijurídicas reconocidas jurisprudencialmente como que dan lugar a daños, además del remedio exclusivo por despido injustificado.
Los planteamientos del patrono recurrente respecto a la improcedencia de los daños en su solicitud de sentencia sumaria, ameritan que el tribunal de instancia se pronuncie respecto a cuál es el efecto de la controversia de hechos sobre el despido que determinó existía en el caso, respecto al remedio solicitado por el señor Andino Nieves en la demanda.
En virtud de todo lo anterior, se expide el auto, se deja sin efecto la resolución recurrida y se devuelve el caso al tribunal de instancia para que revalue la solicitud de sentencia sumaria y la oposición a ésta y resuelva sobre el remedio al que podrá tener derecho el demandante ante la controversia de hechos sobre el despido que determinó prevalecía en el caso.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General