ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
OATA-2023-131[1]

| SHIFA AMIN ABUELLOUF<br><br>Apelante<br><br>Vs.<br><br>WAL-MART PUERTO RICO, INC., ET ALS<br><br>Apelado | KLAN202300544 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm. CA2021CV01639<br><br>Sobre: Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Comparece ante nos, Shifa Amin Abuellouf, (en adelante, "Sra. Amin Abuellouf" o "parte Apelante"), quien presenta recurso de Apelación en el que solicita que se revoque una Sentencia emitida por el Tribunal de Primera Instancia (en adelante "TPI"), Sala Superior de Carolina, el 18 de abril de 2023 y notificada el 19 de abril del mismo año. Mediante dicha Sentencia, el TPI declaró *Ha Lugar* la *Moción en Solicitud de Sentencia Sumaria* presentada por Wal-Mart Puerto Rico, Inc. (en adelante, "Wal-Mart" o "parte Apelada") y desestimó la *Demanda* con perjuicio.

Examinada la apelación de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, se revoca el dictamen mediante los fundamentos que expondremos a continuación y se devuelve el caso para que continúen los procedimientos.

---

[1] Mediante la Orden Administrativa OATA-2023-131 se designa al Juez Joel A. Cruz Hiraldo en sustitución de la Jueza Alicia Álvarez Esnard.

A continuación, resumimos los hechos pertinentes para la disposición del recurso, los cuales surgen del expediente ante nuestra consideración.

**-I-**

El 29 de junio de 2021, la Sra. Amin Abuellouf presentó una *Demanda* sobre Daños y Perjuicios en contra Wal-Mart Puerto Rico, Inc. h/n/c Sam´s Club, (en adelante Wal-Mart); Compañía Aseguradora A; y otros demandados desconocidos por una caída que sufrió el 8 de noviembre de 2020 en el área de entrada/salida de Sam´s Club de Plaza Escorial. La Sra. Amin Abuellouf adujo que al bajarse de su auto y dirigirse al establecimiento comercial, mientras llovía, sufrió una caída al resbalarse y caerse de manera repentina y aparatosa al pavimento. Alegó, también, que: (1) la caída fue causada por una condición de peligrosidad generada a causa del derrame de detergente líquido y/o sustancia resbalosa; (2) la falta de advertencias de la condición peligrosa llevaba tiempo presente; (3) la condición peligrosa era conocida por los Apelados; y (4) que los Apelados contaban con tiempo suficiente para hacer la limpieza y los arreglos pertinentes. Añadió además que, a raíz de la caída, sufrió múltiples lesiones en su cuerpo, recibió fuertes golpes en la cadera, espalda, hombros, el cuello y el lado izquierdo de su cuerpo. Señaló que sufrió angustias mentales al afectarse su habilidad para disfrutar su vida como también no poder realizar actividades cotidianas.

Por su parte, el 8 de septiembre de 2021, Wal-Mart, presentó su *Contestación a Demanda*, mediante la cual negó las alegaciones de la *Demanda* y aseveró que la caída se debió exclusivamente a la negligencia de la propia demandante al no tomar las debidas precauciones al caminar por el área. Así las cosas, el TPI emitió una *Orden* en la que estableció que el 30 de enero de 2023 finalizaba el descubrimiento de prueba.

Luego de varios trámites procesales, el 1 de marzo de 2023, la parte apelada presentó una *Moción en Solicitud de Sentencia Sumaria*, mediante la cual arguyó que, según las admisiones de la Apelante en la deposición y la evidencia presentada, ésta no cuenta con prueba suficiente para establecer negligencia de Wal-Mart. Fundamentó lo anterior en que en estos tipos de casos le corresponde específicamente a la parte demandante colocar al foro judicial en posición de poder hacer una determinación clara y específica a los efectos antes mencionados. Por lo anterior, adujo que el área del incidente constituía una condición aparente y que en el área del derrame ya estaba presente un asociado de Wal-Mart en espera por la limpieza del derrame. Señaló que el incidente se hubiera evitado si la Apelante no hubiese estado corriendo, hubiera estado mirando por donde iba y tomando las debidas precauciones.

En desacuerdo, el 14 de abril de 2023, la Apelante presentó *Moción en Oposición a Solicitud de Sentencia Sumaria*, mediante la cual expresó que cuentan con amplia prueba y/o evidencia documental y pericial que demuestra la crasa negligencia de la parte Apelada. Argumentó que Wal-Mart incumplió su deber de cuidar a sus clientes bajo un estándar mínimo de diligencia de verificar y mantener las áreas limpias y libre de condiciones peligrosas. Lo anterior basado en que no se cerró o protegió el área donde estaba el jabón derramado, tampoco se colocaron letreros de advertencia, ni se obstruyó el paso de los clientes. Destacó que el único lugar por donde podía pasar la Apelante para no seguir mojándose era entre una columna y un carrito de compras, y exactamente por ese lugar había detergente liquido derramado en el piso.

Luego de examinar y analizar la solicitud de sentencia sumaria, la oposición presentada y los documentos que acompañaron los escritos, el 18 de abril de 2023, el TPI emitió *Sentencia* declarando *"Con Lugar"* la solicitud de sentencia sumaria

por insuficiencia de la prueba y, en consecuencia, desestimó la *Demanda*, con perjuicio. En esencia, determinó que, la Apelante no tenía evidencia suficiente para demostrar que Wal-Mart haya sido negligente basado en la existencia de una condición peligrosa que alegadamente ocasionó la caída, y que dicha condición era de conocimiento de la Apelada, o que podría imputarse a ésta tal conocimiento. En otras palabras, expresó que la Apelante no demostró que la parte Apelada haya incurrido en negligencia.

Oportunamente, la Apelante presentó una *Moción de Reconsideración*. Sin embargo, el 23 de mayo de 2023, el TPI declaró la misma *No Ha Lugar*. Insatisfecha con la determinación realizada por el TPI, el 22 de junio de 2023, notificada el 27 de junio de 2023, la parte Apelante, presentó este recurso de Apelación en el cual señaló la comisión de los siguientes errores:

> Primer error: Erró el Tribunal de Primera Instancia al omitir considerar los documentos y evidencia que sostienen la alegación de negligencia en contra de Wal-Mart.

> Segundo error: Erró el Tribunal de Primera Instancia al dictar sentencia disponiendo del aspecto de negligencia mediante el mecanismo de sentencia sumaria.

Luego de concederle término para ello, el 26 de julio de 2023, la parte Apelada presentó *Alegato en Oposición*. Así con el beneficio de la comparecencia de las partes, a la luz del derecho aplicable, resolvemos.

-**II**-

-***A***-

La sentencia sumaria es un mecanismo procesal que tiene como propósito la solución, justa, rápida y económica de los litigios civiles que no contengan controversias genuinas de hechos materiales y que, por lo tanto, no ameritan la celebración de un juicio en su fondo. *Segarra Rivera v. International Shipping Agency, Inc.*, 208 DPR 964, 979 (2022). La Regla 36.1 de Procedimiento Civil

establece que las partes podrán presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada. 32 LPRA Ap. V, R. 36.1. La sentencia sumaria es una excepción al juicio mediante testimonios vivos frente al juzgador de los hechos. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430 (2013). La parte que solicita la sentencia sumaria tiene la responsabilidad de demostrar de manera clara que el promovido no puede prevalecer mediante ningún supuesto de hechos y que el tribunal cuenta con la verdad sobre todos los hechos necesarios para resolver la controversia ante su consideración. *Id*. pág. 473.

Por su parte, el Tribunal tiene discreción para conceder o no la sentencia sumaria, **ya que el mal uso de esta puede despojar a un litigante de su día en corte, lo cual coartaría su debido proceso de ley**. *Roig Com. Bank v. Rosario Cirino*, 126 DPR 613, 617 (1990)(Énfasis suplido). Es por lo anterior, que no es aconsejable que se utilice el mecanismo de sentencia sumaria cuando hay elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor de credibilidad sea esencial para dilucidar la controversia que deban ser evaluados por el juzgador. *Cruz Cruz v. Casa Bella Corp.*, 2024 TSPR 47, 213 DPR ___ (2024); *Segarra Rivera v. International Shipping Agency, Inc., supra*, pág. 980. No obstante, el Tribunal puede utilizar el mecanismo de sentencia sumaria, aun cuando hay elementos subjetivos, si la evidencia que será considerada en la solicitud surge que no existe controversia en cuanto a los hechos materiales. *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 442-443.

Ahora bien, antes de utilizar el mecanismo de sentencia sumaria, el Tribunal debe evaluar lo siguiente:

(1) analizará los documentos que acompañan la moción solicitando la sentencia sumaria y los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal; (2) determinará si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *Management Administration Services, Corp v. ELA*, 152 DPR 599, 611 (2000).

En síntesis, el Tribunal de Primera Instancia no podrá dictar sentencia sumaria cuando: "(1) existan hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no ha sido refutadas; (3) surja de los propios documentos que se acompañan con la moción una controversia real sobre hecho material y esencial, o (4) como cuestión de derecho no proceda". *Fernández Martínez v. RAD-MAN San Juan III-D, LLC.*, 208 DPR 310, 335 (2021).

Asimismo, si la otra parte desea derrotar una moción de sentencia sumaria, deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. *PFZ Props, Inc v Gen, Acc Ins. Co.*, 136 DPR 881, 912-913 (1994). No obstante, el solo hecho de no presentar evidencia que controvierta la presentada por el promovente, no implica necesariamente que procede la sentencia sumaria. *Id.*, pág. 913. Los jueces no están constreñidos por los hechos o documentos evidenciarios que se aduzcan en la solicitud de sentencia sumaria, sino que tienen el deber de considerar todos los documentos en autos, incluso aquella que no haya formado parte de la solicitud, sin dirimir cuestiones de credibilidad. *Vera v. Dr. Bravo*, 161 DPR 308, 333 (2004).

En cuanto al estándar de revisión aplicable al Tribunal de Apelaciones al momento de revisar la determinación del foro primario de conceder o denegar la sentencia sumaria, el foro intermedio apelativo solo puede:

(1) considerar los documentos que se presentaron ante el foro primario —cual implica que, en apelación los litigantes no pueden añadir prueba que no fue presentada oportunamente ante el foro primario, ni esbozar nuevas teorías—, (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) determinar si el derecho se aplicó de forma correcta. *Segarra Rivera v. International Shipping Agency, Inc., supra*, pág. 981.

Por utilizar los mismos criterios de evaluación, los foros apelativos se encuentran en la misma posición que el tribunal de instancia. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 116 (2015). Ahora bien, el Tribunal Supremo de Puerto Rico estableció que el estándar a seguir para revisar la denegatoria o concesión de una moción de sentencia sumaria es el siguiente:

(1) que el Tribunal de Apelaciones se encuentre en la misma posición del Tribunal de Primera Instancia al momento de revisar solicitudes de sentencia sumaria, y que esta revisión sea *de novo*;

(2) que el Tribunal de Apelaciones revise que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en las Reglas de Procedimiento Civil;

(3) que el Tribunal de Apelaciones revise si en realidad existen hechos materiales en controversia y si existen debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y

**(4) si los hechos materiales realmente son incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho en la controversia**. *Segarra Rivera v. International Shipping Agency, Inc., supra*, pág. 982. (Énfasis suplido).

El Tribunal Supremo de Puerto Rico ha reiterado que **"[t]oda vez que la moción de sentencia sumaria evita la celebración de un juicio, las deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiese, presentados por las partes en apoyo de su contención, deben admitirse en evidencia en un juicio plenario"**. *Carpets & Rugs v. Tropical Reps*, 175 DPR 615,637

(2009); *Jusino et als. v. Walgreens*, 155 DPR 560, 577 (2001). (Énfasis suplido).

En lo pertinente, la sentencia sumaria bajo la modalidad de insuficiencia de prueba, le aplican las mismas normas y los principios que tradicionalmente se utilizan por los tribunales al entender una moción de sentencia sumaria. *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 734, (1994). Por tanto, cuando existe duda sobre si hay o no prueba suficiente o si hay una controversia de hecho, esta duda debe resolverse en favor de la parte promovida. *Íd.* Sobre dicha modalidad, nuestro más alto foro expresó lo siguiente:

> Bajo la modalidad de la sentencia sumaria por insuficiencia de prueba, después de que las partes hayan realizado un adecuado y apropiado descubrimiento de prueba, el promovente puede presentar su moción de sentencia sumaria, alegando la insuficiencia de prueba por parte del promovido. La moción puede acompañarla con todos los documentos relacionados con el descubrimiento de prueba o sin documento alguno, si éstos obran en el expediente del tribunal. La parte promovente tiene el peso de demostrarle al tribunal que la parte promovida no cuenta con una evidencia admisible suficiente para probar, por lo menos, un elemento esencial indispensable para su caso. Puede, además, acompañar su moción con una evidencia afirmativa, no necesariamente obtenida mediante la utilización de los mecanismos de descubrimiento de prueba, que niegue algún elemento esencial de la reclamación de la parte promovida.
>
> Con relación a la moción de sentencia sumaria que se acompaña con una evidencia afirmativa, la parte promovida podrá derrotarla con sólo presentar una oposición acompañada con una prueba que controvierta o que rebata la evidencia afirmativa presentada por el promovente. Esta prueba en oposición a la sentencia sumaria puede ser admisible en evidencia o, aunque no sea admisible en la forma presentada, podría convertirse en una prueba admisible o dar lugar a una prueba admisible. *Íd.,* págs. 732-733.

### -B-

El Art. 1802 del Código Civil de 1930, 31 LPRA sec.5141, establece que la responsabilidad extracontractual por daños y perjuicios como "El que por acción u omisión causa daño a otro,

interviniendo culpa o negligencia, está obligado a reparar el daño causado".[2] Ahora bien, sobre el concepto de culpa o negligencia, el Art. 1056 del Código Civil de 1930 dispone lo siguiente:

> La responsabilidad que proceda de negligencia es igualmente exigible en el cumplimiento de toda clase de obligaciones, pero podrá moderarse por los tribunales según los casos. 31 LPRA sec. 3020.

De igual forma, se establece en el Art. 1057 Código Civil de 1930, sobre la consistencia de Culpa o Negligencia:

> La culpa o negligencia del deudor consiste en la omisión de aquella diligencia que exija la naturaleza de la obligación y corresponda a las circunstancias de las personas, del tiempo y del lugar. Cuando la obligación no exprese la diligencia que ha de prestarse en su cumplimiento, se exigirá la que correspondería a un buen padre de familia. 31 LPRA sec. 3021.

El Tribunal Supremo de Puerto Rico ha establecido que una persona podrá reclamar un daño sufrido por la culpa o negligencia de otra persona cuando concurren tres (3) requisitos: (1) un acto u omisión culposa o negligente; (2) una relación causal entre el acto u omisión culposa o negligente y el daño ocasionado; y (3) un daño real causado al reclamante. *Nieves Díaz v. González Massas*, 178 DPR 820, 843 (2010).

Sobre el requisito de la relación causal, en nuestra jurisdicción, aplica la doctrina de la causalidad adecuada. Esta doctrina establece que no es causa de responsabilidad toda condición sin la cual no se hubiera producido el daño, sino la que ordinariamente lo produce según la experiencia general. *López v. Porrata Doria*, 169 DPR 135, 151-152 (2006). Nuestro Tribunal Supremo expresó lo siguiente sobre la causa adecuada: "un daño podrá considerarse como el resultado probable y natural de un acto u omisión negligente, si luego del suceso—mirándolo

---

[2] El Código Civil de 1930 fue derogado al aprobarse la Ley Núm. 55-2020, 31 LPRA sec. 5311 *et seq.*, conocida como el "Código Civil de 2020", el cual estableció en su Art. 9 que éste no tendrá efecto retroactivo. 31 LPRA sec. 5323. Por ende, en el recurso ante nos, son de aplicación las disposiciones del derogado Código Civil de 1930, ya que los hechos ocurrieron antes de la vigencia del Código Civil de 2020.

retrospectivamente— éste parece ser la consecuencia razonable y común de la acción u omisión de que se trate". *Santiago v. Sup. Grande*, 166 DPR 796, 818 (2006).

En particular, nuestro más Alto Foro ha establecido cómo se configura una causa de acción cuando el daño se debe a una omisión, a saber: (1) cuando existe un deber de actuar y se quebrante esa obligación, y (2) cuando de haberse realizado el acto omitido se hubiese evitado el daño. *Santiago v. Sup. Grande, supra*, pág. 807. El deber de actuar incluye el deber de cuidado que, a su vez, consiste en anticipar y evitar daños que son previsibles. *Íd.*, pág. 808. Asimismo, se configura la negligencia por omisión cuando no se anticipan los daños que una persona prudente y razonable podría prever. *Colón, Ramírez v. Televicentro de PR*, 175 DPR 690, 707 (2009); *Colón y otros v. K-mart y otros*, 154 DPR 510, 517 (2001). Sin embargo, dicho deber de previsión no se refiere a todo peligro, sino aquel peligro anticipable por una persona prudente y razonable. *Santiago v. Sup. Grande, supra*, pág. 808.

Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que los propietarios de los establecimientos comerciales tienen el deber de mantener sus facilidades en condiciones de seguridad tales que sus clientes no sufran daños. *Colón y otros v. K-mart y otros, supra,* pág. 518. El dueño u operador de los establecimientos comerciales debe ejercer un cuidado razonable para mantener la seguridad del público y así evitar que sus clientes sufran daños. *Íd.* Es sabido que, los dueños de establecimientos comerciales son responsables por los daños ocasionados por condiciones peligrosas existentes, únicamente cuando dichas condiciones sean conocidas por los propietarios o su conocimiento le sea imputable. *Íd.*; *Cotto v. C. M. Ins. Co.,* 116 DPR 644, 650 (1985). No obstante, dicha responsabilidad no es absoluta, sino que el demandante debe probar que el dueño no ejerció el debido

cuidado para mantener la seguridad de los clientes. *Ramos v. Wal-Mart*, 165 DPR 510, 513 (2005). *Colón y otros v. K-mart y otros, supra*, pág. 518. Sobre la precitada norma, el Tribunal Supremo de Puerto Rico expresó:

> En innumerables ocasiones este Tribunal ha resuelto que una empresa que opera un establecimiento abierto al público con el propósito de llevar a cabo operaciones comerciales para su propio beneficio tiene el deber de mantener dicho establecimiento en condiciones tales de seguridad que sus clientes no sufran daño alguno. Sin embargo, al establecer dicha normativa este Tribunal nunca ha pretendido convertir al dueño de un establecimiento comercial en asegurador absoluto de la seguridad de sus visitantes ni imponerle a éste una responsabilidad absoluta frente a cualquier daño sufrido por sus clientes. *Ramos v. Wal-Mart, supra*, pág. 513 (Citas omitidas).

Por tanto, la responsabilidad de los establecimientos comerciales se evalúa conforme el Art. 1802 del Código Civil, *supra*. En síntesis, para que el demandante pueda prevalecer en su causa, debe establecer que: (1) su daño se debió a la existencia de una condición peligrosa; (2) que esa condición fue la que con mayor probabilidad ocasionó el daño; y (3) que ésta era conocida por el demandado o que debió conocerla. *Colón y otros v. K-mart y otros, supra*, pág. 519. Por su parte, los tribunales de primera instancia deben evaluar la prueba presentada y determinar, en casos de caídas si, por preponderancia de la prueba, la causa del daño sufrido está intrínsecamente vinculada con la condición peligrosa, sobre la cual debe tener conocimiento el propietario del establecimiento comercial para imputarle negligencia. *Admor. FSE v. Almacén Ramón Rosa*, 151 DPR 711, 725 (2000); *Cotto v. C. M. Ins. Co., supra*, págs. 650-651.

Más aun, vale destacar que nuestro Tribunal Supremo ha establecido que una persona se puede resbalar mientras camina y caerse sin mediar negligencia alguna de otra persona. *Cotto v. C. M. Ins. Co., supra*, pág. 653. Asimismo, es norma reiterada que, "no hay obligación de proteger al visitante contra peligros que le son

conocidos, o que son tan aparentes que puede razonablemente esperarse que los descubra y se pueda proteger". *Goose v. Hilton Hotels*, 79 DPR 523, 528 (1956). Igualmente, resolvió la alta curia que, "si bien un peatón no está obligado a constantemente ir mirando hacia la superficie, ciertamente debe evitar el caminar ajeno a aquellas situaciones visibles a su perspectiva visual". *Torres v. Municipio de Mayagüez*, 111 DPR 158, 163 (1981).

### -III-

Por estar intrínsecamente relacionados, discutiremos en conjunto los señalamientos de error. Según hemos esbozado, la Apelante alegó que la negligencia en el caso de epígrafe surge de la condición de peligrosidad mantenida por la parte Apelada. En oposición, la parte Apelada argumentó que la Apelante es responsable por sus propios daños sufridos al haber corrido hacia la entrada de Wal-Mart mientras llovía. Así las cosas, el TPI determinó que la Apelante no tenía evidencia suficiente para probar el elemento esencial e indispensable de negligencia. En específico, expresó lo siguiente:

> A la luz de los hechos antes mencionados, y habiendo finalizado el descubrimiento de prueba, este Tribunal determina que la parte demandante no tiene evidencia suficiente para demostrar que la parte demandada haya sido negligente conforme a la norma establecida en el caso de *Cotto v. C.M. Ins. Co.*, 116 DPR 644, 650 (1985), esto es, la existencia de la condición peligrosa que alegadamente ocasionó la caída, y que dicha condición era de conocimiento de la parte demandada o que podría imputarse a ésta tal conocimiento.

Reiteramos que, al momento de revisar una determinación del foro de instancia respecto a una solicitud de sentencia sumaria, estamos llamados a realizar una revisión *de novo* y limitarnos únicamente a adjudicar las controversias con los documentos presentados ante el foro de instancia. Del análisis *de novo* de la prueba que se presentó ante el TPI, colegimos que los hechos sí están en controversia.

Al examinar la *Moción en Solicitud de Sentencia Sumaria* presentada por la parte apelada, Wal-Mart la misma incluye como anejos/prueba lo siguiente: Deposición incompleta de la parte apelante, señora Shifa Amin Abuellouf; Informe del Incidente al Cliente; Testimonio del Testigo Gabriel Omar Cotto Matos (señor Cotto Matos); Informe de la Policía.

A nuestro entender, y tras realizar un examen de *novo* como requiere la normativa jurídica, los documentos que acompañan la *Moción en Solicitud de Sentencia Sumaria* presentada por Wal-Mart establecen la existencia de la condición de peligrosidad que ocasionó la caída de la parte apelante, y este hecho no fue consignado en la *Sentencia* emitida por el TPI.

Por otra parte, surge de los documentos anejados en la *Moción en Solicitud de Sentencia Sumaria* la existencia de una controversia real sobre un hecho material y esencial, esto es, relacionada a si Wal-Mart ejerció o no el debido cuidado para que el local fuera seguro para los consumidores. *Cotto v. C.M. Ins. Co.,* 116 DPR 644, 650 (1985). Nótese que Wal-Mart sometió ante la consideración del TPI un formulario que contiene el alegado testimonio del empleado, señor Cotto Matos; pero este documento no fue juramentado y de una lectura integral no se puede concluir que el señor Cotto Matos estaba en el área para prevenir adecuadamente cualquier accidente.

En el presente caso, el TPI no realizó el análisis adecuado de la prueba presentada por Wal-Mart en su *Moción en Solicitud de Sentencia Sumaria* y adjudica la misma con un documento defectuoso que no establece lo que el TPI intuyó.

Por otro lado, los Hechos Incontrovertidos son:

(1) El 8 de noviembre de 2020, la Demandante fue a Plaza Escorial a Sam´s.

(2) La Demandante llegó al establecimiento comercial con su marido.

(3) La Demandante iba al Sam´s a hacer compra como siempre.

(4) Ese día había mucha lluvia.

(5) Ese día estaba lloviendo fuerte.

A la luz de los anteriores hechos que no están en controversia, debemos determinar si procedía dictar sentencia sumaria o no. La contestación es en la negativa. De entrada, adelantamos que el foro de instancia erró al desestimar la causa de acción por entender que la Apelante carecía de evidencia suficiente para demostrar que la parte apelada haya sido negligente por la existencia de una condición peligrosa que causara la caída de la Sra. Amin Abuellouf, y que ésta era conocida por Wal-Mart o que podría imputarse tal conocimiento. Así pues, desestimó la *Sentencia* apelada basado en lo expuesto en el caso *Medina v. M.S. & D. Química P.R., Inc., supra*, pág. 734, que lee como sigue:

> [P]ara derrotar una moción de sentencia sumaria bajo la modalidad de la insuficiencia de la prueba, la parte promovida puede, entre otras cosas: presentar con su oposición una prueba admisible en evidencia o una prueba que pueda convertirse en admisible —aunque de momento no lo sea— o que dé lugar a una prueba admisible que demuestre que existe evidencia para probar los elementos esenciales de su caso; que hay prueba en el récord que puede convertirse en una prueba admisible y que derrotaría la contención de insuficiencia del promovente; que la moción es prematura porque el descubrimiento es inadecuado, está a medias o no se ha realizado, o que éste, por su naturaleza, no es un caso que conviene que se resuelva por el mecanismo expedito de la sentencia sumaria.

Conforme el derecho expuesto, entendemos que el TPI tuvo ante sí prueba presentada por la Apelante de donde se desprende que en el establecimiento en controversia se había derramado un jabón en el piso. Además, obra en el expediente un Informe de Incidente de un empleado de Wal-Mart por la cual expresó que alegadamente estaba esperando en el lugar del incidente por la limpieza del derrame. En específico, los hechos que no están en controversia y que son pertinentes a esta discusión leen como sigue:

(11) En el lugar del alegado incidente se encontraba el empleado de Wal-Mart Gabriel Omar Cotto Matos.

(12) La Demandante le indico a la Policía que "al pasar por donde uno de los empleados se resbaló y cayó al pavimento".

Ciertamente, lo anterior constituye prueba de que había una condición peligrosa y que la parte apelada tenía conocimiento de dicha condición en el lugar de los hechos. No obstante lo anterior, para que la Apelante pruebe su causa de acción, no basta con probar los anteriores requisitos, sino que también debe demostrar que esa condición fue la que con mayor probabilidad ocasionó el daño. *Colón y otros v. K-mart y otros, supra,* pág. 519. Somos del criterio que el análisis previo es suficiente para determinar que existe una controversia que impide resolver el presente caso por la vía sumaria. Toda vez que, "no es aconsejable resolver una adjudicación de negligencia mediante vía sumaria". *Cruz Cruz v. Casa Bella Corp.,* 2024 TSPR 47; 213 DPR ___ (2024); *Aponte Valentín et al. v. Pfizer Pharm.,* 208 DPR 263, 277 (2021); *Ramos Pérez v. Univisión,* 178 DPR 200, 219 (2010).

Como hemos mencionado, el TPI desestimó el caso ante nos mediante sentencia sumaria por una alegada insuficiencia de prueba. Ahora bien, el foro recurrido fundamentó su decisión en la determinación de *Cotto v. C.M. Ins. Co., supra,* el cual fue resuelto sumariamente en contra de la demandante. En dicho caso aparentemente ésta no había demostrado prueba de dónde, ni tan siquiera, se haya podido inferir que, en el establecimiento en controversia, existía una condición peligrosa; mucho menos, por lo tanto, prueba de que los demandados pudieran tener conocimiento de ella. *Íd.,* pág. 652. Destacamos que, en el caso precitado, la demandante se limitó a declarar que se resbaló "en algo" mientras caminaba en dicho establecimiento. El caso anterior envuelve una

situación de hechos diferente a la del caso de epígrafe, toda vez que la Sra. Amin Abuellouf se resbaló en Wal-Mart por un derrame de detergente, lo cual fue demostrado en la prueba que obra en el expediente y de la cual Wal-Mart tenía pleno conocimiento de ello, colocando un empleado frente a la condición peligrosa sin ejecutar acciones preventivas adicionales.

Como si fuera poco, la *Sentencia* apelada resulta contradictoria en sí. Por otro lado, el TPI resolvió que la Apelante carece de evidencia suficiente para demostrar negligencia por parte de Wal-Mart. No obstante, el foro apelado sí hizo determinaciones de hechos de los cuales se incluye que hubo un derrame en el lugar del incidente y que un empleado de la parte apelada conocía de su existencia. Las expresiones anteriores, a nuestro entender, constituyen la existencia de la condición peligrosa y el conocimiento de la parte apelada de ésta.

En el caso ante nuestra consideración, no existe controversia en torno a que la Sra. Amin Abuellouf sufrió una caída en la entrada de Wal-Mart. Con esa aclaración, entendemos que el TPI incidió en dictar sentencia sumaria, ya que de un análisis integral del expediente se desprende la prueba que demuestra que existía una condición peligrosa y que la parte apelada conocía de su existencia. De manera que subsiste la interrogante sobre si dicha condición fue la que con mayor probabilidad ocasionó el daño. Recalcamos que nuestro Tribunal Supremo expresó que no es aconsejable dictar sentencia sumaria en casos donde existe controversia sobre asuntos de credibilidad o que envuelvan aspectos subjetivos, como la intención, los propósitos mentales o la negligencia. *Cruz Cruz v. Casa Bella Corp., supra*; *Aponte Valentín et al. v. Pfizer Pharm., supra* pág. 278; *Pérez Ramos v. Univisión, supra*, pág. 219.

Por otro lado, reafirmamos que "el mero hecho de que acontezca un accidente no da lugar a inferencia alguna de

negligencia". *Admor. F.S.E. v. Almacén Ramón Rosa, supra,* pág. 724. Esto debido a que, para que prospere una acción en daños y perjuicios, deberán concurrir los siguientes elementos: el daño, un acto culposo o negligente y un nexo causal entre el daño y la acción culposa o negligente. Así pues, el Art. 1802 del Código Civil, *supra,* obliga a la persona que ocasiona un daño a reparar el mismo únicamente si ha mediado culpa o negligencia. Al ser indispensable los tres requisitos, resulta evidente que le corresponde el TPI evaluar si existe evidencia demostrativa de un acto culposo o negligente de parte de Wal-Mart.

Por consiguiente, el TPI incidió al no considerar que la prueba documental, presentada por ambas partes, demostrara que la Apelante cuenta con evidencia sobre la existencia de una condición de peligrosidad y el conocimiento de la parte apelada de dicha condición. No menos importante, el foro apelado tiene que determinar si Wal-Mart tomó precauciones para evitar el accidente, pues el mero hecho de colocar un empleado frente a la condición peligrosa, sin más, no evita la ocurrencia de accidentes y esto es un ejemplo claro de ello.

En consecuencia, el TPI actuó incorrectamente al dictar sentencia sumaria en el presente caso cuando existen controversia sobre elementos de negligencia, por lo que la utilización de una disposición sumaria no es el mecanismo idóneo para las soluciones del presente litigio. Por lo que se devuelve el caso para la continuación de los procedimientos.

**-IV-**

Por los fundamentos expuestos, los cuales hacemos formar parte integral del presente dictamen, y debido a que las determinaciones de hechos no fueron consistentes con la prueba presentada y, como existe controversia, se revoca la *Sentencia*

apelada y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones