Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| RUBÉN MÁRQUEZ ROSA Y OTROS<br><br>Apelantes<br><br>v.<br><br>ROBERTO BERRÍOS FALCÓN<br><br>Apelado | TA2026AP00079 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre: Injunction Provisional; Daños y Perjuicios<br><br>Caso Núm. SJ2024CV03805 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

**Domínguez Irizarry, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de abril de 2026.

La parte apelante, Rubén Márquez Rosa, Carmen Suárez Velázquez y Roberto Márquez Suárez, comparece ante nos para que revisemos la *Sentencia Parcial* emitida y notificada, el 24 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala de San Juan. Mediante la misma, el Foro Primario declaró *Ha Lugar* la *Solicitud de Sentencia Sumaria Parcial* presentada por la parte apelada, Roberto Berríos Falcón.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia Parcial* apelada.

I

El 25 de abril de 2024, la parte apelante presentó una *Demanda* sobre entredicho provisional, *injunction* y daños y perjuicios en contra del señor Berríos Falcón. En esencia, alegó que la parte apelada colocaba sus zafacones en un área verde contigua a un poste de energía eléctrica que ubica dentro de los límites de su propiedad, así como que accedía a esta sin autorización y realizaba

actos que afectaban su uso y disfrute. Además, sostuvo que la parte apelada incurrió en actos de hostigamiento y amenazas que menoscababan su tranquilidad, incluyendo expresiones dirigidas a causar daño a sus mascotas, lo que provocó que estas fueran trasladadas fuera del hogar. A su vez, planteó que, en el caso SJL284-2022-2886, el Tribunal de Primera Instancia había emitido una orden el, 24 de octubre de 2022, mediante la cual dispuso que el poste de energía eléctrica se consideraría como línea divisoria entre ambas propiedades. De igual modo, el dictamen estableció directrices para que las partes ubicaran sus pertenencias dentro de sus respectivas áreas, mantuvieran sus mascotas dentro de su propiedad y evitaran ocupar áreas correspondientes a la otra parte, incluyendo lo relacionado con el estacionamiento. No obstante, según alegó, la parte apelada no cumplió con el mandato al continuar colocando objetos y accediendo a áreas que no forman parte de su propiedad. A tenor con sus alegaciones, la parte apelante solicitó al Tribunal de Primera Instancia que ordenara a la parte apelada cesar y desistir de interrumpir en su residencia y de realizar actos dirigidos a perturbar la paz y el goce pacífico de su propiedad, mediante la expedición de un entredicho provisional durante la tramitación del pleito y de un *injunction* de carácter permanente. Además, solicitó que se condenara a la parte apelada al pago de cien mil dólares ($100,000.00) por concepto de daños y perjuicios, así como al pago de honorarios de abogado.

Luego de evaluar las solicitudes interdictales de la parte apelante, el 29 de abril de 2024, el Tribunal de Primera Instancia emitió una *Sentencia Parcial*. Mediante esta, desestimó las causas de acción de entredicho provisional e *injunction* solicitadas por la parte apelante. En síntesis, concluyó que la controversia planteada

debía atenderse mediante el procedimiento ordinario, por existir remedios adecuados en ley.

Por su parte, el 3 de julio de 2024, la parte apelada presentó una *Contestación a Demanda y Reconvención*. En síntesis, negó las alegaciones formuladas en su contra y planteó múltiples defensas afirmativas, incluyendo, entre otras, falta de causa de acción, prescripción, falta de jurisdicción, ausencia de daño y la existencia de un contrato de transacción previo entre las partes, mediante el cual, según alegó, se había delimitado la colindancia entre las propiedades. A base de lo anterior, solicitó que el Tribunal de Primera Instancia declarara *No Ha Lugar* la *Demanda* de epígrafe y que encontrara a la parte apelante incursa en temeridad, con la imposición de honorarios de abogado.

En cuanto a la Reconvención, el señor Berríos Falcó, sostuvo que adquirió su propiedad en el año 2005 y que la misma está gravada por una servidumbre de paso a favor de la Autoridad de Energía Eléctrica, cuya delimitación coincide con la línea de centro entre los postes del sistema de distribución eléctrica. Alegó que la parte apelante ha incurrido en múltiples actos que afectan su propiedad, incluyendo la obstrucción de dicha servidumbre mediante la colocación de una verja y la siembra de árboles en violación a sus términos, así como conductas que, según esbozó, han afectado su tranquilidad, intimidad y dignidad. A tenor con sus alegaciones, solicitó que el Tribunal de Primera Instancia determinara la colindancia entre las propiedades conforme a la referida línea, ordenara la remoción de los obstáculos en la servidumbre y condenara a la parte apelante al pago de una suma no menor de cincuenta mil dólares ($50,000.00) por concepto de daños y perjuicios.

El 19 de julio de 2024, la parte apelante presentó una *Contestación a Reconvención*. En esencia, negó las alegaciones formuladas en su contra y afirmó que la parte apelada era quien había incurrido en conductas que alteraron la convivencia entre las partes y afectaron el disfrute de su propiedad. Por ello, solicitó que el Tribunal de Primera Instancia declarara sin lugar la *Reconvención* presentada en su contra.

Luego de varias incidencias procesales innecesarias de pormenorizar, el 9 de enero de 2025, la parte apelada presentó una *Solicitud de Sentencia Sumaria Parcial*.[1] En esencia, planteó que no existía controversia real sobre los hechos materiales relacionados con la colindancia entre las propiedades. En apoyo de su solicitud, propuso como hechos esenciales incontrovertidos que, mediante la Escritura de Servidumbre de Paso Número 25 otorgada el 19 de marzo de 1959, se constituyó una servidumbre de paso a favor de la Autoridad de Fuentes Fluviales sobre la finca matriz en la cual ubican las propiedades en controversia. Así sostuvo que, la referida servidumbre que grava su propiedad se extiende a lo largo del fondo de los solares de la urbanización y comprende una franja de terreno de cinco pies a cada lado de la línea de colindancia, para un total de diez pies. Indicó que la referida servidumbre fue establecida para la instalación, operación y mantenimiento de líneas y artefactos del sistema de distribución eléctrica, incluyendo los postes, y que impone restricciones en cuanto a construcciones y siembra dentro de esa franja. Conforme a ello, sostuvo que la colindancia entre las propiedades estaba delimitada por la línea de centro entre los postes del sistema de distribución de energía eléctrica que discurre en el

---

[1] La parte apelada acompañó su Solicitud de Sentencia Sumaria Parcial con la siguiente prueba documental: 1) Certificación de Propiedad Inmueble, expedida por el Registro Inmobiliario Digital del Estado Libre Asociado de Puerto Rico, correspondiente a la Finca Núm. 14,441 de Monacillos; 2) Certificación de Propiedad Inmueble, expedida por el Registro Inmobiliario Digital del Estado Libre Asociado de Puerto Rico, correspondiente a la Finca Núm. 17,393 de Monacillos.

centro de la servidumbre. En consecuencia, solicitó que el Tribunal de Primera Instancia dictara sentencia sumaria parcial declarando la colindancia conforme a la referida línea, encontrara a la parte apelante incursa en temeridad y ordenara la continuación de los procedimientos.

Por su parte, el 18 de febrero de 2025, la parte apelante presentó su *Oposición a "Solicitud de Sentencia Sumaria Parcial"*. En síntesis, se opuso a la disposición del caso por la vía sumaria al sostener que existían controversias reales y sustanciales sobre hechos materiales que requerían su adjudicación mediante la celebración de un juicio en sus méritos. En particular, afirmó que la controversia entre las partes no se limitaba a la determinación de la colindancia entre las propiedades, sino que incluía actuaciones de la parte apelada que, según alegó, habían perturbado la paz, la tranquilidad y el disfrute de su propiedad. Asimismo, planteó que la controversia envolvía elementos de intención, mala fe y credibilidad que no podían resolverse mediante el mecanismo de sentencia sumaria. A base de lo anterior, solicitó que el Tribunal de Primera Instancia declarara no ha lugar la solicitud de sentencia sumaria parcial presentada por la parte apelada. Ahora bien, la parte apelante no acompañó su oposición con prueba documental alguna ni presentó una relación separada y numerada de los hechos que entendía controvertidos, con referencia específica a la evidencia que los sustentara, conforme exige la Regla 36.3 de Procedimiento Civil, 32 LPRA, Ap. V, R. 36.3.

Evaluados los planteamientos de las partes, el 24 de noviembre de 2025, el Tribunal de Primera emitió la *Sentencia Parcial* que nos ocupa. Mediante la misma, determinó que la parte apelante no controvirtió adecuadamente los hechos propuestos por la parte apelada conforme a los requisitos de la Regla 36 de

Procedimiento Civil, 32 LPRA, Ap. V, R. 36. En particular, sostuvo que la *Oposición a "Solicitud de Sentencia Sumaria Parcial"* presentada por la parte apelante, se limitó a alegaciones generales sobre la existencia de controversias de hechos, sin refutar de forma específica los hechos propuestos ni acompañar evidencia que los controvirtiera. A la luz de ello, resolvió que no existía controversia real sobre los hechos materiales relacionados con la colindancia entre las propiedades y que procedía adjudicar ese asunto como cuestión de derecho. En consecuencia, declaró que la colindancia entre las propiedades de las partes está delimitada por la línea de centro entre los postes de distribución de energía eléctrica hincados en el centro de la servidumbre de paso a favor de la Autoridad de Fuentes Fluviales, y declaró *Ha Lugar* la *Solicitud de Sentencia Sumaria Parcial* presentada por la parte apelada, ordenando la continuación de los procedimientos en cuanto a las demás reclamaciones.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 21 de enero de 2026, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo, formula los siguientes señalamientos:

> El Honorable Tribunal de Primera Instancia cometió error manifiesto en derecho al adjudicar subrepticiamente una controversia de deslinde y delimitar colindancias en craso y negligente incumplimiento con los requisitos aplicables a toda cuestión jurídica para establecer demarcaciones entre predios colindantes.

> Erró el Honorable Tribunal de Primera Instancia al realizar determinaciones de hecho sobre controversias que requerían, de forma indispensable, la presentación de prueba pericial, prueba de titularidad y la comparecencia de partes indispensables, sin que ninguna de tales pruebas fuese traída a su consideración.

> El Honorable Tribunal de Primera Instancia cometió erro manifiesto al adjudicar como incontrovertidos planteamientos sumarios jurídicamente erróneos.

Erró el Honorable Tribunal de Primera Instancia, abusó de su discreción y cometió error manifiesto en derecho al adjudicar como incontrovertidos planteamientos sumarios sometidos en incumplimiento con los requisitos procesales de la Regla 36 de las Reglas de Procedimiento Civil y en detrimento a la garantía del debido proceso de ley.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe procedemos a expresarnos.

## II

En nuestro ordenamiento, la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, regula todo lo concerniente al mecanismo de sentencia sumaria. Su fin es favorecer la más pronta y justa solución de un pleito que carece de controversias genuinas sobre los hechos materiales y esenciales de la causa que trate. *Negrón Castro v. Soler Bernardini, et als,* 2025 TSPR 96, 216 DPR __ (2025); *BPPR v. Cable Media*, 2025 TSPR 1, 215 DPR __ (2025); *Cruz, López v. Casa Bella y otros,* 213 DPR 980, 993 (2024); *Oriental Bank v. Caballero García,* 212 DPR 671, 678 (2023); *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 979. Un hecho material es "aquel que puede alterar el resultado de la reclamación de acuerdo con el derecho aplicable". *Oriental Bank v. Caballero García*, supra, pág. 679; *Segarra Rivera v. Int'l Shipping et al.*, supra, pág. 980.  De este modo, y debido a la ausencia de criterios que indiquen la existencia de una disputa real en el asunto, el juzgador de hechos puede disponer del mismo sin la necesidad de celebrar un juicio en su fondo. *Universal Ins. y otro v. ELA y Otros,* 211 DPR 455, 457 (2023).

La parte promovente de una solicitud de sentencia sumaria está obligada a establecer mediante prueba admisible en evidencia la inexistencia de una controversia real respecto a los hechos materiales y esenciales de la acción.  *BPPR v. Cable Media,* supra. Además, deberá demostrar que, a la luz del derecho sustantivo,

amerita que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. *Íd.*; *Rodríguez García v. UCA,* 200 DPR 929, 940 (2018); *Ramos Pérez v. Univisión,* 178 DPR 200, 218 (2010); *Vera v. Dr. Bravo,* 161 DPR 308, 333 (2004). Para que tal sea el resultado, viene llamado a desglosar en párrafos numerados los hechos respecto a los cuales aduce que no existe disputa alguna. Una vez expuestos, debe especificar la página o párrafo de la declaración jurada u otra prueba admisible que sirven de apoyo a su contención. 32 LPRA Ap. V, R. 36.3(a)(4); *Roldán Flores v. M. Cuebas et al.,* 199 DPR 664, 677 (2018)*; SLG Zapata-Rivera v. J.F. Montalvo,* supra, págs. 432-433.

Para derrotar una moción de sentencia sumaria, la parte que se opone a la misma viene llamada a presentar declaraciones juradas o documentos que controviertan las alegaciones pertinentes. 32 LPRA Ap. V, R. 36.5. Por ello, tiene la obligación de exponer de forma detallada aquellos hechos relacionados al asunto que evidencien la existencia de una controversia real que deba ventilarse en un juicio plenario. *BPPR v. Cable Media*, supra. En esta tarea, tiene el deber de citar específicamente los párrafos, según enumerados por el promovente, sobre los cuales estima que existe una genuina controversia y, para cada uno de los que pretende controvertir, detallar de manera precisa la evidencia que sostiene su impugnación. Regla 36.3(b)(2) de Procedimiento Civil, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 433.

Cuando de las propias alegaciones, admisiones o declaraciones juradas surge una controversia *bona fide* de hechos, la moción de sentencia sumaria resulta ser improcedente. Ante ello, el tribunal competente debe abstenerse de dictar sentencia sumaria en el caso y cualquier duda en su ánimo lo debe llevar a resolver en contra de dicha solicitud. *Vera v. Dr. Bravo,* supra, págs. 333-334*; Mgmt. Adm. Servs., Corp. v. ELA,* 152 DPR 599, 611 (2000). Al

evaluar la solicitud de sentencia sumaria, el tribunal debe cerciorarse de la total inexistencia de una genuina controversia de hechos. *Rodríguez García v. UCA,* supra, pág. 941; *Roig Com. Bank v. Rosario Cirino,* 126 DPR 613, 618 (1990). Lo anterior responde a que todo litigante tiene derecho a un juicio en su fondo cuando existe la más mínima duda sobre la certeza de los hechos materiales y esenciales de la reclamación que se atienda. *Sucn. Maldonado v. Sucn. Maldonado,* 166 DPR 154, 185 (2005). Por ese motivo, previo a utilizar dicho mecanismo, el tribunal deberá analizar los documentos que acompañan la correspondiente solicitud junto con aquellos sometidos por la parte que se opone a la misma y los otros documentos que obren en el expediente del tribunal. Iguales criterios debe considerar un tribunal apelativo al ejercer su función revisora respecto a la evaluación de un dictamen del Tribunal de Primera Instancia emitido sumariamente. *Segarra Rivera v. Int'l Shipping et al.*, supra, págs. 981-982; *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 114 (2015); *Vera v. Dr. Bravo,* supra, pág. 334*.*

En *Meléndez González et al. v. M. Cuebas,* supra, págs. 118-119, el Tribunal Supremo de Puerto Rico estableció el estándar específico a emplearse por este foro apelativo intermedio al revisar las determinaciones del foro primario con relación a los dictámenes de sentencias sumarias. A tal fin, se expresó como sigue:

> **Primero**, reafirmamos lo que establecimos en *Vera v. Dr. Bravo,* supra, a saber: el Tribunal de Apelaciones se encuentra en la misma posición del Tribunal de Primera Instancia al momento de revisar Solicitudes de Sentencia Sumaria. En ese sentido, está regido por la Regla 36 de Procedimiento Civil, *supra,* y aplicará los mismos criterios que esa regla y la jurisprudencia le exigen al foro primario. Obviamente, el foro apelativo intermedio estará limitado en el sentido de que no puede tomar en consideración evidencia que las partes no presentaron ante el Tribunal de Primera Instancia y no puede adjudicar los hechos materiales en controversia, ya que ello le compete al foro primario luego de celebrado un juicio en su fondo. La revisión del Tribunal de Apelaciones es una *de novo* y debe

examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor.

**Segundo**, por estar en la misma posición que el foro primario, el Tribunal de Apelaciones debe revisar que tanto la Moción de Sentencia Sumaria como su Oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* y discutidos en *SLG Zapata-Rivera v. JF Montalvo,* supra.

**Tercero**, en el caso de revisión de una Sentencia dictada sumariamente, el Tribunal de Apelaciones debe revisar si en realidad existen hechos materiales en controversia. De haberlos, el foro apelativo intermedio tiene que cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil y debe exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos. Esta determinación puede hacerse en la Sentencia que disponga del caso y puede hacer referencia al listado numerado de hechos incontrovertidos que emitió el foro primario en su Sentencia.

**Cuarto**, y, por último, de encontrar que los hechos materiales realmente están incontrovertidos, el foro apelativo intermedio procederá entonces a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

III

En el presente recurso, la parte apelante sostiene que el Tribunal de Primera Instancia incidió al adjudicar sumariamente la controversia y resolver asuntos concernientes a la colindancia entre los predios de las partes sin, alegadamente, observar los requisitos jurídicos aplicables. Aduce, además, que el Foro *a quo* erró al formular determinaciones de hecho sobre materias que requerían prueba pericial, evidencia relativa a la titularidad de los inmuebles y la comparecencia de partes indispensables. Asimismo, plantea que el Foro Primario actuó incorrectamente al dar por incontrovertidos planteamientos sumarios jurídicamente improcedentes y presentados en incumplimiento con la Regla 36 de Procedimiento Civil, *supra,* en menoscabo de su derecho al debido proceso de ley. Habiendo examinado los referidos señalamientos a la luz de los

hechos acreditados y de la normativa aplicable, resolvemos confirmar la *Sentencia Parcial* apelada.

Tal cual esbozamos previamente, nuestro ordenamiento jurídico exige que al presentar una moción de sentencia sumaria se cumpla con ciertos requisitos de forma. Asimismo, conforme a la Regla 36.3 de Procedimiento Civil, *supra*, una parte que se oponga a que se resuelva sumariamente la causa de acción debe presentar la prueba documental o las declaraciones juradas que controviertan las alegaciones de la parte proponente de la sentencia sumaria. De este modo, esta tiene el deber de exponer en su oposición que hay una controversia real de hechos que debe atenderse por medio de un juicio en su fondo. Para ello, debe dirigirse en su escrito específicamente a los hechos que entiende que hay controversia, e indicar la evidencia que aduce que impugna las alegaciones de la otra parte. De no cumplir con estos criterios, el Foro Adjudicador podrá dar por admitidas las alegaciones y dictar sentencia sumaria.

Del expediente que obra en autos, surge que la parte apelada acompañó con su petición de sentencia sumaria múltiples anejos demostrativos de las alegaciones enumeradas en su escrito. En específico, en cuanto a la servidumbre a perpetuidad a favor de la Autoridad de Fuentes Fluviales de Puerto Rico, presentó las Certificaciones de Propiedad Inmueble expedidas por el Registro Inmobiliario Digital del Estado Libre Asociado de Puerto Rico correspondientes a la Finca Núm. 14,441 de Monacillos y a la Finca Núm. 17,393 de Monacillos, así como la información registral relativa a la Escritura de Servidumbre de Paso Núm. 25 otorgada el 19 de marzo de 1959, ante el notario José Antonio Luiña a favor de la Autoridad de Fuentes Fluviales de Puerto Rico. De estos documentos surge que la servidumbre constituida a perpetuidad comprende una faja de terreno de cinco pies medidos a cada lado de

la línea de colindancia, identificada como la línea de centro entre los postes del sistema de distribución eléctrica, la cual se extiende a lo largo del fondo de los solares comprendidos en la Urbanización San Ignacio. Surge igualmente que la finca perteneciente a la parte apelada aparece gravada con la referida servidumbre.

Por otro lado, destacamos que, luego de una sosegada revisión del expediente, no surge que la parte apelante haya incluido en su oposición la prueba documental para controvertir ninguna de las alegaciones hechas por el señor Berríos Falcón. Tampoco presentó una relación específica de hechos controvertidos con referencia puntual a evidencia admisible, según exige la Regla 36.3(b) de Procedimiento Civil, *supra.* Por el contrario, se limitó a formular alegaciones generales sobre la existencia de controversias de hechos y sobre actuaciones ajenas al asunto puntual sometido mediante la solicitud dispositiva. Por lo cual, es forzosa la conclusión que las mismas no fueron debidamente controvertidas. Ello cobra mayor relevancia al considerar que, de la propia *Demanda* presentada por la parte apelante, surge que en el caso SJL284-2022-2886, mediante orden emitida el 24 de octubre de 2022, en un Estado Provisional de Derecho, las partes acordaron que el poste de energía eléctrica sería considerado como divisorio entre las propiedades en controversia. No obstante, ahora la parte apelante cuestiona la utilización de ese mismo punto de referencia sin presentar prueba que sustente una delimitación distinta. Siendo así, entendemos que el Foro apelado no erró al dar por admitidos los hechos propuestos de la parte apelada y, consecuentemente, dictar sentencia sumaria parcial con el único propósito de establecer que la línea de centro entre los postes de distribución de energía eléctrica hincados en medio de la servidumbre de paso a favor de la Autoridad de Fuentes

Fluviales será considerado como divisorio entre las propiedades de las partes.

Por tanto, un examen del expediente del caso ante nuestra consideración nos lleva a concluir que la *Sentencia Parcial* que atendemos es conforme a derecho y a la prueba presentada. Por ello, tras ejercer nuestras funciones revisoras, coincidimos en que, en este caso, concurrían las condiciones procesales para que el Foro Primario dispusiera sumariamente del asunto puntual sometido a su consideración, a saber, la determinación de la línea divisoria utilizada entre las propiedades de las partes. En ese contexto, resulta inmeritorio invocar la necesidad de una acción de deslinde, pues la controversia de epígrafe no versó sobre la segregación o demarcación formal de fincas contiguas, sino sobre una determinación parcial fundamentada en la prueba documental presentada. Por igual, intimamos que, al resolver la controversia sometida, el Tribunal de Primera Instancia aplicó correctamente la norma jurídica pertinente, sin adjudicar reclamación alguna relacionada con los daños y perjuicios alegados por las partes, asuntos que expresamente quedaron pendientes para la continuación de los procedimientos correspondientes. Por consiguiente, no impondremos nuestro criterio sobre aquel debidamente ejercido por el Foro Primario.

Por tal razón, y en ausencia de prueba que controvirtiese los hechos propuestos por la parte apelada, procede sostener el dictamen apelado.

IV

Por los fundamentos que anteceden, se confirma la *Sentencia Parcial* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones